168 So.2d 84 (1964)
Jack HURWITZ et al., Appellants,
v.
C.G.J. CORP., Appellee.
No. 63-161.
District Court of Appeal of Florida. Third District.
October 13, 1964.
Rehearing Denied November 5, 1964.
*85 Jack D. Burris, Miami Beach, for appellants.
L.J. Cushman, Miami, for appellee.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
The appellants, plaintiffs below, seek reversal of a final decree which awarded them damages in the amount of $12,303.20. The appellee, by cross assignments of error, seeks review of portions of the same final decree.
The appellants' bill of complaint alleged that each had entered into an agreement *86 with the defendant, Engel, to purchase pro rata interest in a 99-year lease which at the time was held by him but later assigned to the appellee corporation. The complaint further alleged that these agreements were entered into by the plaintiffs in reliance upon certain representations made by the defendants concerning the manner of construction and furnishing of the co-operative apartment units which were to be built upon the leased property, and sought to compel the defendants to specifically perform pursuant to the terms and conditions of the agreements. The defendants moved to dismiss the complaint and on appeal, this court affirmed the order of the trial court denying their motion to dismiss. See C.G.J. Corporation v. Hurwitz, Fla.App. 1960, 123 So.2d 44.
After the cause was remanded to the trial court, the original complaint was amended several times, and finally became an action for damages based in the main upon the appellee's alleged alterations and deviations from the plans and specifications as provided for in the agreements. In addition, the amended complaint sought damages for the alleged negligent construction of a dock and seawall located on the premises which had collapsed into the bay. The appellee answered, denying the material allegations of the complaint and took the position that under the terms of the underlying 99-year lease, it had the right to make alterations and deviations from the plans and specifications; that this right was incorporated by reference into the separate agreements executed by the respective appellants. Testimony was taken before the chancellor on divers dates between April, 1961, and January, 1963, resulting in the decree appealed, which, inter alia, found the equities to be with the appellee and denied recovery to appellants except as to certain enumerated items which the court awarded to the appellants in the sum of $12,303.20. Thereafter, the chancellor taxed costs, half against the appellants and half against the appellee.
The appellants urge five grounds for reversal of the decree. In essence, they contend that the provision in the 99-year lease permitting the appellee to make alterations and deviations from the original plans was not incorporated (by reference) into the individual agreements executed by each appellant. They further contend that assuming, arguendo, that such right existed, the appellee wilfully and in bad faith departed from the spirit of the original plans and specifications contrary to such provision. The other arguments presented challenge the amount of the award as being grossly inadequate and contrary to the evidence. The final point questions the action of the chancellor in not taxing all the costs against the appellee.
As to the appellants' first contention, we can not agree with the chancellor that that portion of the long term lease provision which permitted the appellee to deviate from the plans and specifications was incorporated into the individual agreements entered into by appellee with appellants.
Judge Kanner set forth the appropriate rule of law in regard to this question in Collins v. National Fire Insurance Co. of Hartford, Fla.App. 1958, 105 So.2d 190, when he wrote:
"Where a written contract refers to and sufficiently describes another document, that other document or so much of it as is referred to, may be regarded as a part of the contract and therefore is properly considered in its interpretation. Also where a contract expressly provides that it is subject to the terms and conditions of other contracts which are definitely specified, such other contracts must be considered in determining the intent of the parties to the transaction." [Emphasis supplied] 105 So.2d at 194-195.
A careful reading of the above quoted statement reveals that there are two different rules for determining whether a *87 document has been incorporated by reference. A document must be considered incorporated by reference where the incorporating document specifically provides that it is subject to the incorporated document. In our case, this did not occur, nowhere in the individual agreements with appellants did the appellee make those agreements subject to the long term lease. The other portion of the rule is that a document may be considered if it is sufficiently described or referred to in the incorporating agreement, but only for purposes of determining the intention of the contracting parties. In our case, the long term lease could be looked to in order to determine the intention of the parties, but the individual agreements made with appellants were not subject to the long term lease insofar as the appellee's ability to deviate from the plans and specifications. In order to resolve the present issue, it is necessary to examine the intention of the parties as manifested by the two agreements.
By the long term lease, the appellee obtained the right to deviate from the plans insofar as the lessor of the land was concerned. By this agreement, the appellee obtained the land upon which the appellants' building was to be built. In order to obtain this land, appellees promised the lessor that a building in accordance with certain plans and specifications would be erected, but the lessee-appellee reserved the right to deviate from those plans. The lessor's only concern was that a building be erected substantially similar to the plans so that he could be assured of collecting the rental for the land. The lessor was not going to live in this building so it was of no concern to him whether the balconies were to be five feet or seven feet or whether the roof was to be flat instead of slanted.
Now, the appellee possessed of this lease of the land, started assigning portions of his lease to the individual appellants in addition to promising to build them a building in accordance with certain plans and specifications. At this point, before appellee entered into any contracts with appellants, he had the right to deviate from the plans and specifications, but when he contracted with appellants he gave up that right so far as the appellants were concerned. Appellee specifically gave up the right to deviate from the plans and specifications but agreed to construct the building "in accordance with the plans prepared by Paul A. Grupp * * *"
Bear in mind, that there are two separate contracts here. Between the lessor and appellee, appellee could deviate from the plans when erecting the building. Between appellants and appellee, appellee could not deviate from the plans.
We find further difficulty with the chancellor's decree in that he found that the appellee did not deviate from the spirit of the agreement, as the long term lease provided, but still the chancellor awarded damages to appellants based on appellee's deviation from the contract. It is logically irreconcilable to say that the appellee could deviate from plans, find that the deviation was not such a deviation as would constitute a deviation from the spirit of the agreement and award damages because the appellee deviated from the contract.
It is the holding of this court that appellee did not have the right to deviate from the plans and specifications. Any deviation therefrom constituted a breach of contract for which appellants' were entitled to recover. The chancellor is reversed in this regard and the cause remanded for a new hearing in order to determine the exact amount of deviation, if any, from the contract and award damages accordingly.
In view of our holding above, it is not necessary to consider appellants' contentions in regard to the amount of the chancellor's award as damages.
Appellants in their third point on appeal contend that the chancellor erred in denying them damages by reason of the disintegration and collapse of the dock and seawall.
*88 The chancellor made his findings after having heard all the testimony and observed all the witnesses. Therefore his findings are entitled to the highest respect and will not be disturbed on appeal unless clearly shown to be erroneous. No error having been clearly made to appear, the chancellor's findings on this point stand affirmed.
Turning now to the appellants' contention with regard to costs, we are of the view that the chancellor did not abuse his discretion in assessing half the costs against each party. See Sullivan v. Rank, Fla.App. 1961, 132 So.2d 37.
The appellee cross-assigns as error the chancellor's award to appellants of damages to the entire leasehold estate when only 37% of the leasehold interest is represented in this action. A portion of the damages complained of was to the entire leasehold estate and not to the severable parts thereof vested in various tenants in common. Where there are damages to the entire leasehold estate it is correct to make an award for such damages to the entire leasehold estate even though only a portion of the ownership has joined in the suit. The matter of apportionment of damages or an accounting among the various tenants in common is not one for the appellee to dispute but should be left to the tenants in an appropriate proceeding. See 86 C.J.S. Tenancy in Common § 138, p. 544, and 8 Fla.Jur., Co-tenancy, § 18. The appellee's concern is that it should not be required to pay more than once for damages to the entire leasehold  but once a valid award has been made for damages to the leasehold in its entirety, the distribution of and the rights of the respective tenants in the award are no longer the concern of the appellee. The cross-assignment is without merit.
Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
HORTON, Judge (concurring in part and dissenting in part).
I concur in that portion of this opinion which finds that appellee's cross assignments of error are without merit, but I dissent from the remaining portions of said opinion.