JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s holding under Issues I, II, III, and IV(A), IV(B), and IV(D).
I dissent from the majority’s opinion under Issue IV(C).
CO-TENANT DAMAGES
The majority states that it could find no authority for one co-tenant to sue for the entire amount of tort damages to both him and the other co-tenant. The majority did not look hard enough. Other jurisdictions have allowed co-tenants to recover for the entire amount of damages to the tenancy whether the nature of the actions are in tort or in contract.
In Hurwitz v. CGJ Corporation (Fla. 1964), 168 So.2d 84, the Florida Supreme Court allowed one co-tenant to recover all of the damages to commonly held property under circumstances very similar to those in this case. In the Hurwitz case, the plaintiff purchased an interest with another co-tenant in a 99-year lease based on representations made by the defendants concerning the construction of an apartment unit on the leased property. That court found that where there had been a breach of the contract, it was correct to award damages based on the amount of damage sustained to the entire *130 leasehold, even though the individual plaintiff had only a 37 percent interest in the property. In Lambert v. United States (1961), 153 Ct. Cl. 501, the United States Court of Claims held that where the government breached its lease covenant to restore leased premises to their original condition, the fact that plaintiff had owned only an undivided one-half interest in the tract did not prevent her from recovering the entire amount of cost necessary to restore the tract. That court held that any obligation the plaintiff may have had to account to her co-owner was immaterial. It held that the government had an obligation to restore the entire tract, rather than just that portion of the tract which represented the plaintiff’s ownership interest.
For the same result in a tort cause of action, see Pfannenstiel v. Central Kansas Power (Kan. 1960), 352 P.2d 51. In that case, the Kansas Supreme Court allowed one co-tenant to recover the entire amount of damage to the co-tenancy realty caused by a third party’s tortious act.
Generally, in the jurisdictions which have allowed recovery for the entire damage to the co-tenancy, those courts have held that all but the plaintiff’s proportionate share is to be held for the use and benefit of the other co-tenants. By resolving the issue in this manner, those courts have avoided the multiplicity of suits, which concerns the majority, while still protecting the nonparty co-tenant’s interest and allowing for a clear disposition of the issues at trial. Pfannenstiel, 352 P.2d at 55-56.
In addition to being contrary to the above authorities, the majority’s conclusion is unfair and devoid of common sense. Only one of two results can occur from the majority’s conclusion. Either the defendants, who defrauded the plaintiffs, reap a windfall by avoiding liability for one-half of the damages caused by their conduct, or the plaintiffs’ spouses must attempt to pursue additional litigation, thereby creating the kind of “multiple actions” about which the majority expresses concern.
For these reasons I dissent from that part of the majority opinion which reverses and reduces the District Court’s award of damages to the plaintiffs.
JUSTICE HUNT joins in the foregoing concurrence and dissent.