624 So.2d 779 (1993)
Karen KANTNER, Appellant,
v.
J. Urban BOUTIN, La Coquille Corporation, et al., Appellees.
No. 92-2038.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
Rehearing Denied October 26, 1993.
*780 Henry Latimer of Fine Jacobson Schwartz Nash & Block and Stephen B. Rakusin of Stephen B. Rakusin, P.A., Fort Lauderdale, for appellant.
G.P. Weidinger, Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal from a final judgment in favor of defendant, J. Urban Boutin, on a Motion for Entry of Final Judgment filed by plaintiff, Karen Kantner. We reverse and remand for further proceedings.
This appeal arises out of the construction of a settlement agreement entered into by the parties which undertook to settle several pending lawsuits between the parties and related entities. The settlement agreement involved, among other matters, a parcel of property which was owned by Boutin and leased to a restaurant operator. The lease agreement was executed simultaneously with a purchase agreement between Boutin and others and the lessee/purchaser some years prior to the settlement agreement. The lease agreement incorporated by reference the terms of the purchase agreement which gave the lessee/purchaser a continuing right of first refusal with respect to the sale of the property in the event the lessee/purchaser failed to close on the property. Kantner was not a signatory to either of these agreements. The property was also the subject of a foreclosure action brought by Boca Bank.
The settlement agreement provided Kantner would accept a conveyance of the property from Boca Bank "free and clear of all encumbrances," in the event the bank successfully foreclosed its mortgage and became the owner of the property. In the event the property could not be conveyed to Kantner "free and clear of all liens and encumbrances," then Kantner would be entitled to a judgment against Boutin in the amount of $115,000 plus interest.
The trial court concluded that although the lease on the property and the tenant's right of first refusal were encumbrances, they were not encumbrances under the settlement agreement because the settlement agreement defined the property to be conveyed as including the lease and the right of first refusal. In concluding the property was "free and clear of all encumbrances," the trial court, in essence, incorporated by reference the purchase agreement and the right of first refusal contained therein into the settlement agreement. We are respectfully of the view that the trial court misconceived and misapplied *781 principles of law relating to the doctrine of incorporation by reference.
The settlement agreement made reference to the parcel as "property being further defined in Exhibit `B' attached hereto." Exhibit "B" contained a legal description of the property and made specific reference to "the Landlord's interest under that certain Lease Agreement." The settlement agreement was silent as to any specific terms of the lease agreement and did not reflect it was "subject to" the lease agreement.
In Hurwitz v. C.G.J. Corp., 168 So.2d 84 (Fla. 3d DCA 1964), the Third District considered the doctrine of incorporation by reference and observed in part:
A document must be considered incorporated by reference where the incorporating document specifically provides that it is subject to the incorporated document. In our case, this did not occur, nowhere in the individual agreements with appellants did the appellee make those agreements subject to the long term lease.
Id. at 87. The court also observed that a collateral "document may be considered if it is sufficiently described or referred to in the incorporating agreement, but only for purposes of determining the intention of the contracting parties." Id.
As discussed in Hurwitz, the doctrine requires that there must be some expression in the incorporating document (as here, the settlement agreement) of an intention to be bound by the collateral document (as here, the lease agreement and purchase agreement). A mere reference to another document is not sufficient to incorporate that other document into a contract, particularly where the incorporating document makes no specific reference that it is "subject to" the collateral document.
Here, Kantner was not a signatory to the lease agreement and purchase agreement to which Boutin was a party. While Boutin may have been bound by the terms of those documents, Kantner could not have been bound by those collateral documents unless the incorporating document (i.e., the settlement agreement) specifically provided it would be "subject to" the collateral document (i.e., the lease agreement and purchase agreement with its attendant right of first refusal).
The inability of Boutin to deliver the property free and clear of the right of first refusal was not in compliance with the settlement agreement. Accordingly, the final judgment in favor of Boutin is reversed and the cause is remanded to the trial court for further proceedings consistent with the terms of the settlement agreement and further consistent herewith.
REVERSED and REMANDED.
WARNER, J., and MAGER, GERALD, Senior Judge, concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
The dispute was resolved by the trial court after a bench trial. Because I find that there is evidence in the record to support the trial court's rulings, I would affirm.
The parties entered into a complicated settlement agreement that provided in part for the former husband to satisfy a debt he owed to the former wife by seeing to it that certain real estate was transferred to her. The deal was "complicated" because the property was owned by a corporation wholly owned by the former husband, and the corporation had leased the property to another corporation that ran a restaurant on the premises. The lease made reference to a right of first refusal granted to the restaurant corporation. The property was also subject to a mortgage in favor of Boca Bank and this mortgage was being foreclosed at the time the settlement agreement was drafted and executed.
The agreement expressly noted that Boca Bank held a first mortgage as well as an assignment of the lease with the restaurant corporation. The agreement also expressly provided that if Boca Bank obtained a final judgment of foreclosure and a certificate of title, and would agree to convey "the property, and the Lease," to Kantner for a stated sum, then this agreement to convey by the Bank would operate to satisfy the debt owed by the former husband to the former wife.
*782 Now, I have greatly oversimplified and paraphrased the terms of the agreement, since it is some 24 lengthy and detailed paragraphs in content, and has a number of exhibits. However, because of the numerous ambiguities in the agreement and the disputed evidence as to compliance therewith, I believe the trial court acted well within its authority as the trier of fact in determining the agreement's meaning and the parties' compliance therewith, and I cannot properly second-guess its final resolution.