687 So.2d 957 (1997)
ST. AUGUSTINE POOLS, INC., Appellant,
v.
JAMES M. BARKER, INC., Appellee.
No. 96-2210.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
Geoffrey B. Dobson of Dobson & Brown, P.A., St. Augustine, for Appellant.
B. Thomas Whitefield of Ulmer, Murchison, Ashby & Taylor, Jacksonville, for Appellee.
DAUKSCH, Judge.
This is an appeal from an order in which the trial court denied appellant's motion for arbitration. We hold that the subcontractor agreement did not incorporate the arbitration agreement in the general contract. Further, we hold the general contract does not confer on appellant the right to arbitration.
Appellee constructed the Ocean Villas Condominium and subcontracted the construction of different parts of the project out to various companies. Appellant received the contract to install a pool and a cool deck. In October 1995, the Ocean Villas Condominium Association filed a complaint against appellee alleging that it breached various warranties, violated *958 applicable building codes and breached its fiduciary responsibility. Appellee, in turn, filed an amended third-party complaint against a number of other companies including appellant. The claim against appellant stated the company constructed the cool deck and the pool in a deficient manner. Appellant filed a motion to dismiss the amended third-party complaint or, in the alternative, to abate or transfer. It argued that the lawsuit was subject to arbitration. The trial court denied appellant's motion.
Appellant argues two points on appeal. First, it maintains its contract with appellee incorporates by reference the provisions of the general contract containing an arbitration clause. Second, it asserts it is a third-party beneficiary to the general contract and thus entitled to enforce the arbitration clause. We disagree.
The first issue is resolved by interpreting the appropriate section of the subcontract or agreement to determine whether it incorporates the terms of the general contract. Paragraph 16 of the agreement states in relevant part:
16. This Agreement is subject to the General Contract between the Owner and General Contractor. Subcontractor acknowledges that he is familiar with the General Contract and the General Conditions thereof and agrees to comply with all applicable provisions thereof.
The term "subject to" means "liable, subordinate, subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable." BLACK'S LAW DICTIONARY 1425 (6th ed.1990); See also, Homan v. Employers Reins. Corp., 345 Mo. 650, 136 S.W.2d 289 (1939). The words "subject to" "usually indicate a condition to one party's duty of performance and not a promise by the other." Burgess Constr. Co. v. M. Morrin & Son Co., Inc., 526 F.2d 108, 113 (10th Cir.1975), cert. den., 429 U.S. 866, 97 S.Ct. 176, 50 L.Ed.2d 146 (1976) (citing AM.JUR.2d Contracts § 320 (1964)). Applying these definitions to the subcontractor agreement it is clear that the intent of the parties was to not incorporate the arbitration language of the general contract into the subcontract.
The guiding force in the interpretation of contracts is to determine what the intent of the parties was. This phrase indicates that one party has a condition of performance and therefore the words serve to limit the contract. When read as a whole, paragraph 16 indicates that the general contract is referenced solely to make the subcontractor aware of its duties and requirements. The subcontractor does not have a duty or requirement to arbitrate any disagreements. The language of paragraph 15 establishes that the parties' intention was that "any claim or cause of action against the Contractor or Owner arising out of, in connection with, or by virtue of the relationship created by this Agreement, shall be brought and filed in ... and shall be heard by a judge of the appropriate court therein."
In regard to the second issue, appellant relies on section 5.3.1 of the general conditions of the contract to demonstrate that it is allowed the right to arbitration. Section 5.3.1 provides in pertinent part:
5.3.1 By an appropriate agreement, written where legally required for validity, the Contractor shall require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to the Contractor by the terms of the Contract Documents, and to assume toward the Contractor all the obligations and responsibilities which the Contractor, by these Documents, assumes toward the Owner and the Architect. Said agreement shall preserve and protect the rights of the Owner and the Architect under the Contract Documents with respect to the Work to be performed by the Subcontractor so that the subcontracting thereof will not prejudice such rights, and shall allow to the Subcontractor, unless specifically provided otherwise in the Contractor-Subcontractor agreement, the benefit of all rights, remedies, and redress against the contractor that the Contractor, by these Documents, has against the Owner. [emphasis added]
This language, when read as a whole, does not confer the right to arbitration upon appellant. Appellee correctly points out that paragraph 15 of the subcontractor agreement *959 provides that any dispute shall be brought in court. Therefore this section does not confer on appellant the right to arbitration.
AFFIRMED.
GRIFFIN and ANTOON, JJ., concur.