702 So.2d 622 (1997)
Tracy R. SHARPE, Appellant,
v.
LYTAL & REITER, CLARK, SHARPE, ROCA, FOUNTAIN, WILLIAMS, a general partnership; Lake Lytal, Jr., P.A., a Florida professional corporation; Joseph J. Reiter, P.A., a Florida professional corporation; Lake Lytal, Jr., individually; and Joseph J. Reiter, individually, Appellees.
No. 97-2039.
District Court of Appeal of Florida, Fourth District.
December 17, 1997.
James W. Beasley, Jr. and David Leacock of Tew & Beasley, L.L.P., West Palm Beach, for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Sidney A. Stubbs, Jr. of Jones, Foster, Johnston & Stubbs, West Palm Beach, for appellees.
FARMER, Judge.
The primary issue raised by this appeal is whether the parties to a partnership agreement can agree to submit even the question of partnership dissolution to arbitration and thereby give up the right to have the court consider the question. We hold that they can and affirm the order compelling arbitration.
Sharpe brought suit in the circuit court to dissolve a partnership on the grounds that defendants had wrongfully expelled him as a partner and had failed to honor their financial obligations to him. They responded to his suit by moving to stay the action in favor of arbitration based on an alleged agreement to arbitrate that had been purportedly incorporated into their partnership agreement. Finding "no substantial issue as to the making of the arbitration agreement or provision," the trial judge granted the motion and stayed the action as requested. Sharpe's appeal from that decision brings us the issue we decide today.
Before proceeding to the principal issue, however, we briefly address Sharpe's initial contention that the 1989 letter agreement making him a partner did not expressly incorporate the 1985 partnership agreement. Paragraph 3 of the 1989 letter states as follows:

*623 "3. Attached to this letter is a copy of an existing Partnership Agreement which you acknowledge that you have read and understand and you agree to abide by all of the obligations of a partner thereunder subject to the other terms of this letter, and the Firm recognizes you as a partner entitled to the benefits thereunder."[1]
Sharpe signed the 1989 letter immediately above the words "ACCEPTED AND AGREED." Paragraph 6 of the letter further limits or renders inapplicable some aspects of the 1985 agreement, including certain financial provisions, from Sharpe's agreement to become a partner. On appeal Sharpe argues that the 1985 agreement was not incorporated into his contract to become a partner and that the 1985 agreement (including, of course, the express arbitration provision) cannot be applied to him.
We disagree. The text of both the letter agreement and the formal partnership agreement itself are clear and unequivocal. The letter binds Sharpe to all provisions of the 1985 agreement except for those explicitly limited or excluded in the letter. The text is legally sufficient both to incorporate and evidence an agreement to arbitrate. We reject the argument that the present agreements are comparable to those in St. Augustine Pools, Inc. v. James M. Barker, Inc., 687 So.2d 957 (Fla. 5th DCA 1997). In St. Augustine Pools, the later agreement merely recited that it was "subject to" the earlier agreement. In the letter Sharpe agreed "to abide by all of the obligations of a partner" under the 1985 agreement except as provided in the letter. In contrast, as the trial judge in this case duly noted, it is actually the obligations of the 1985 agreement that are "subject to" the 1989 letter agreement. Sharpe clearly manifested assent to the 1985 agreement by his signature on the 1989 letter and its express terms. We thus find a more than sufficient expression in the incorporating document to evidence an intent to bind the signatories to the collateral document. See Kantner v. Boutin, 624 So.2d 779 (Fla. 4th DCA 1993) (law requires that there must be some expression in the incorporating document of an intention to be bound by the collateral document).
Turning now to the principal issue prompting this opinion, Sharpe argues that the Florida Partnership Act (FPA)[2] bars the submission of the dissolution issue to arbitration. Stated another way, he contends that the court has exclusive jurisdiction over partnership dissolution disputes and that only a judge may dissolve the partnership under the applicable statute. He bases this argument on FPA section 620.715(1) which provides that "[t]he court shall adjudge a dissolution... [o]n application by or for a partner ...." [e.s.] Clearly, however, there is nothing in FPA section 620.715(1)or, for that matter, anywhere else in the FPAthat expressly grants exclusive jurisdiction to judicial tribunals and that, in so many words, purports to bar arbitration panels from considering such disputes.
In contrast, however, the text of the Florida Arbitration Code (FAC), section 682.18(1), Florida Statutes (1995), provides that:
"(1) The term `court' means any court of competent jurisdiction of this state. The making of an agreement or provision for arbitration subject to this law and providing for arbitration in this state shall, whether made within or outside this state, confer jurisdiction on the court to enforce the agreement or provision under this law, to enter judgment on an award duly rendered in an arbitration thereunder and to vacate, modify or correct an award rendered *624 thereunder for such cause and in the manner provided in this law."
In Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625 (Fla. 4th DCA 1992), we held that a statute comparable to FPA section 620.715(1), namely section 682.11 pertaining to attorney's fees, did not operate to compel judicial resolution of attorney's fee claims that had been subject to an arbitration agreement.
We noted that arbitration is a preferred mechanism for dispute resolution and that courts indulge every reasonable presumption and broadly construe the FAC to uphold an agreement to arbitrate. 603 So.2d at 628; see also Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla.1988); Ronbeck Const. Co., Inc. v. Savanna Club Corp., 592 So.2d 344, 346 (Fla. 4th DCA 1992). We also observed that "[i]f civil rights, antitrust and securities fraud claims are not inappropriate for arbitration, it is very difficult to imagine a civil claim in which an agreement to arbitrate would not be enforced." 603 So.2d at 628. In order to find a legislative intent to preclude the submission of a class of claims to arbitration, we held that the legislature would have to state such a requirement in unambiguous text. 603 So.2d at 631 ("To hold otherwise is, at least without clear textual support, to add by judicial construction a new provision to a statute that is at war with its general purpose and contravenes the words already used by the legislature.").
Here the FPA merely hints that a judge is required for dissolution claims, while the FAC explicitly states that the court should enforce agreements to arbitrate properly made under the FAC. Because the FPA provision thus lacks specific text granting the courts exclusive jurisdiction over partnership dissolution claims, we conclude that the words "[t]he court shall adjudge a dissolution" were not intended by the legislature to disable other forms of dispute resolution such as arbitrationfrom resolving dissolution claims by partners. Rather, harmonizing the FPA provision with the FAC, we conclude that the FPA provision was intended to create a judicial duty to decree dissolution only when the powers of the judge have been validly implicated and not, as here, disclaimed by a prior agreement to arbitrate.
We also point out that as a practical matter the arbitration process will offer the opportunity for judicial involvement in the partnership dissolution. FAC section 682.12 provides for confirmation of an arbitration award,[3] and section 682.15 provides for the entry of judgment on a confirmed award.[4] After a confirmed award has been thus reduced to judgment, that judgment may then be enforced in the same manner as any other judgment of a court in Florida. Thus, to the extent that the arbitration award of dissolution might involve, e.g., the transfer of title or possession of property or the establishment of an injunction, the necessary judicial action is provided by the Arbitration Code itself.
Finally we reject Sharpe's contention that the text of the 1989 letter removes his financial claims from the scope of any agreed arbitration. In support, he cites the text of paragraph 6 of the letter. The short answer to this contention is that the arbitration provision itself, especially the words "including any controversy as to whether or not such dispute is arbitrable," reserves to the arbitrators exclusively the power to say whether any particular claim is within the arbitration provision. Cf. Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 1256, 103 L.Ed.2d 488 (1989) ("Arbitration under the [federal] Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as *625 they see fit."); Marschel v. Dean Witter Reynolds, Inc., 609 So.2d 718, 721 (Fla. 2d DCA 1992) ("Parties are free to limit the scope of their agreement to arbitrate or to designate that specific issues, such as statute of limitations questions or other time bar defenses, will not be arbitrable."). We thus leave that particular issue to the arbitration process.
AFFIRMED.
WARNER, J., and PARIENTE, BARBARA J., Associate Judge, concur.
NOTES
[1] Paragraph XIX D. of the 1985 agreement provided:

"D. Arbitration. All controversies arising out of or connected with this General Partnership Agreement including any of its terms or conditions, the transactions contemplated hereby, or the alleged breach or enforceability of any of its terms or conditions, and including any controversy as to whether or not such dispute is arbitrable, shall be settled by arbitration in accordance with the rules then in effect of the Florida Arbitration Code, F.S. 682; provided, however, that notwithstanding such rules then in effect, (I) the Florida Rules of Evidence shall be controlling and (ii) the parties shall have the right to employ all types of discovery available under the Florida Rules of Civil Procedure ...." [e.o.]
[2] Chapter 620, Florida Statutes (1995).
[3] § 682.12, Fla. Stat. (1995) ("Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in So.2d. 682.13 and 682.14."). As this section shows, an award may also be vacated, corrected or modified, as well.
[4] § 682.15 Fla. Stat. (1995) ("Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree. Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.").