705 So.2d 983 (1998)
TEMPLE EMANU-EL OF GREATER FORT LAUDERDALE, Appellant,
v.
TREMARCO INDUSTRIES, INC., Appellee.
No. 97-2460.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
Rehearing Denied March 2, 1998.
John J. Shahady and Thomas R. Shahady of Houston & Shahady, P.A., Fort Lauderdale, for appellant.
William W. Haury, Jr., Fort Lauderdale, for appellee.
FARMER, Judge.
Appellant, as owner, contracted with appellee, as contractor, to install a "new Firestone SBS Modified Bitumen Roof System." After listing all of the products and services included, their contract then contains the following general provisions (which we quote exactly as they are stated in the written document):
"10.) Price includes Tremarco 3 year Guarantee against leaks caused by defects in material and workmanship.
"11.) Provide Firestone 12 year performance warranty."
There are no other provisions applicable to the dispute we now confront. The Firestone warranty contains a clause providing that "any dispute, controversy or claim between the Owner and Firestone ... shall be settled by final and binding arbitration...." There is no such provision in Tremarco's contract.
*984 When the owner sued Tremarco and Firestone, as well as some participating architects, engineers and subcontractors, Tremarco and Firestone moved to require arbitration on the basis of the clause in Firestone's warranty. The owner consented to Firestone's motion but contested Tremarco's. The trial court agreed with Tremarco and entered an order abating the owner's action against Tremarco in favor of arbitration. We reverse.
Tremarco argues that the contract between the owner and Tremarco contained a "sufficient reference to the Firestone warranty... to conclude that the parties intended that the Tremarco contract and the Firestone Standard Warranty be construed together." The legal principle argued by Tremarco is clearly erroneous.
No serious contention could be made that the Tremarco contract incorporates by reference the Firestone warranty and its arbitration provision. As we made clear in Kantner v. Boutin, 624 So.2d 779 (Fla. 4th DCA 1993):
"the doctrine [of incorporation by reference] requires that there must be some expression in the incorporating document... of an intention to be bound by the collateral document.... A mere reference to another document is not sufficient to incorporate that other document into a contract, particularly where the incorporating document makes no specific reference that it is `subject to' the collateral document."
624 So.2d at 781; see also Sharpe v. Lytal & Reiter, Clark, Sharpe, Roca, Fountain, Williams, 702 So.2d 622 (Fla. 4th DCA 1998). Here the Tremarco contract does not even state that the agreement between the owner and Tremarco is "subject to" the Firestone warranty. Rather, it merely states that Tremarco agrees to "provide" a Firestone warranty. We are unable to find anywhere in the Tremarco contract words remotely indicating an intention that the owner and Tremarco agree, between themselves, to be bound by the Firestone warranty and its arbitration provision.
Section 682.03, Florida Statutes (1997), states that:
"A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof. If the court is satisfied that no substantial issue exists as to the making of the agreement or provision, it shall grant the application. If the court shall find that a substantial issue is raised as to the making of the agreement or provision, it shall summarily hear and determine the issue and, according to its determination, shall grant or deny the application."
The right to compel arbitration in this case required that Tremarco prove up an agreement to arbitrate. We are unable to discern in its contract anything suggesting an agreement to arbitrate disputes.
REVERSED.
DELL and SHAHOOD, JJ., concur.