967 So.2d 1112 (2007)
Dr. William KAYE, individually, and Lisa Kaye, individually, Appellants,
v.
MACARI BUILDING & DESIGN, INC., Appellee.
No. 4D07-1165.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*1113 V. Julia Luyster and David J. Valdini of Valdini & Palmer, P.A., Fort Lauderdale, for appellants.
Vanessa Prieto, Philip L. Schwartz and Robert M. Lewis of the Law Offices of Philip L. Schwartz, P.A., Boca Raton, for appellee.
CHUMBLEY, DOUGLAS J., Associate Judge.
This is an appeal from a non-final order denying a motion to compel arbitration filed below by the Appellants. On appeal, the Appellants primarily argue that the trial court erred in denying the motion to compel arbitration because the contract between the parties and the related documents clearly indicate the parties' intent to arbitrate claims arising from the contract. The Appellee argues that the document containing the arbitration provision was not properly incorporated into or made a part of the contract between the parties and thus, the trial court correctly denied arbitration. The Appellee further supports its position by arguing that arbitration was inconsistent with other provisions of the contract and that Appellants waived their right to arbitration. Because we find that the contract and related documents clearly contain a valid arbitration provision, we reverse.
The parties agree that the contract signed by the parties contains a clause which properly incorporates the plans and specifications by reference. The parties further agree that the contract makes the plans and specifications part of the contract between the parties. The parties disagree as to whether the plans and specifications adequately incorporate a document known as AIA Document No. A-201. It is the AIA Document No. A-201 which contains an arbitration clause.
It is clear from the record before us that the plans and specifications contain what is referred to as General Notes. In fact, the General Notes were actually in and on the plans and specifications. The relevant language from the General Notes is as follows:
The American Institute of Architects Documents No. A-201, April 1997 Edition is hereby made a part of these specifications and this contract.
The General Notes contained in the plans and specifications go on to make the AIA Document No. A-201 part of the contract between the parties:
Contract Documents: Plans, Specifications, AIA Contract, Addenda and Change Orders.
The key issue before the Court is whether the AIA Document containing the arbitration provision was properly incorporated into the contract executed by the parties. This Court has previously discussed the concept of "incorporation by reference" in Kantner v. Boutin, 624 So.2d 779 (Fla. 4th DCA 1993). In Kantner, we noted:
The doctrine [of incorporation by reference] requires that there must be some expression in the incorporating document . . . of an intention to be bound by the collateral document. A mere reference to another document is not sufficient to incorporate that other document into a contract, particularly where the incorporating document makes no specific reference that it is `subject to' the collateral document.
*1114 Id. at 781. Here, the incorporating document is the contract which undisputedly incorporates the plans and specifications. The plans and specifications clearly indicate in the General Notes that the AIA Document No. A-201 is a part of both the plans and specifications and the contract. The reference to the AIA Document in the plans and specifications is more than a "mere reference." The words "part of these specifications and this contract" unambiguously indicate the parties' intention to be bound by the AIA Document as well as by the plans and specifications and the contract.
We find the Appellee's remaining arguments to be without merit. Because we believe the contract and related documents evidence an intent to be bound by the AIA Document which contains an arbitration provision, we reverse with instructions for the trial court to enter an order compelling arbitration. We also grant Appellants' Motion for Attorneys' Fees. Upon remand, the trial court shall determine reasonable attorneys' fees.
Reversed and Remanded.
WARNER and GROSS, JJ., concur.