GATES, MICHAEL L., Associate Judge.
This litigation arose from a coverage dispute between Plaintiff European Woodcraft & Mica Design, Inc. (“Plaintiff’ or “European Woodcraft”) and Citizens Property Insurance Company (“Defendant” or “Citizens”).
Citizens does not have direct contact with prospective insureds. Rather, it only accepts applications for windstorm coverage from appointed Florida licensed agents. Citizens appointed Global Insurance Services, Inc. (“Global”) as its licensed Florida agent, giving Global the authority to submit insurance applications. As such, Citizens supplied Global with the application forms as well as an agency number.
As European Woodcraft regularly used Global to obtain its insurance, it requested that Global provide windstorm insurance for its new property. Pursuant to Plaintiffs request, Global secured a quote from Citizens and thereafter faxed a letter along •with an insurance application to Plaintiff. However, Global only included the first page of the application while the letter stated:
In order for our office to bind coverage with Citizens Insurance Corporation a full annual premium check in the amount of $568.00 is required along with a signed application (see attached). This check should be made payable to Citizens Property Insurance Company.
The informational section of the application, some of which was incorrect, was completed by a Global representative. Directly above the applicant/signature line on the application was the following printed language:
*776 I hereby certify that the information on this application is true and correct to the best of my knowledge. I further understand and agree to the terms as set forth on page 2.
The Plaintiffs principal, Mr. Volpe, signed the application notwithstanding the incorrect information. Additionally, Mr. Volpe admitted that when he signed the application he understood page 2 was part of the application. Yet he never requested to review page 2 of the application before signing.
Upon receipt of the application and premium check, Citizens faxed Global a confirmation which stated the following:
This is not a binder of coverage. Coverage is contingent upon compliance with applicable requirements as set forth in the Citizens Manual of Rates, Rules, and Procedures.
On July 18, 2005, Citizens notified Global that Plaintiffs premium check was void for insufficient funds. A Global representative advised European Woodcraft of the problem. Mr. Volpe of European Woodcraft delivered a new check to Global on the premise that once Citizens received the check, the process for securing the insurance would be completed.
On July 28, 2005, after receiving the application and replacement check for the premium, Citizens determined a mistake was made in the property designation section of the application. The correct property designation increased the amount of the premium. Citizens sent a Notice of Deficiency to Global and to Plaintiffs address listed on its application. The Notice indicated a policy would not be issued until the full premium was paid. European Woodcraft’s notice was returned as undeliverable. Global received its notice but never communicated with the Plaintiff.
On October 5, 2005, Citizens informed Global by letter that no additional premium payment had been received. Therefore, it was closing its file, returning the premium paid and further advised no coverage exists. Shortly thereafter, Hurricane Wilma struck South Florida damaging European Woodcraft’s property.
European Woodcraft reported its loss to Citizens and was advised there was no coverage. This lawsuit ensued.
ANALYSIS
In the Final Judgment the trial court found as follows:
(a) “The Court finds that Global at all times material, was a ‘general lines agent’ which had apparent authority to bind insurance coverage for Citizens.”
(b) “The Court also finds that Global was given the ‘indicia of agency’ to bind coverage by Citizens.”
(c) “The Court also finds that there is no evidence that European Woodcraft was ever put on notice of any limitations on Global authority to bind coverage.”
As a general lines agent, Global would be licensed to represent insurance companies in the solicitation and sale of insurance policies. Hughes v. Pierce, 141 So.2d 280, 282 (Fla. 1st DCA 1961).
Section 626.015(5), Florida Statutes (2005), defines a “General Lines Agent” as an agent who transacts with one or more of the following kinds of insurance:
(a) Property insurance.
(b) Casualty insurance, including commercial liability insurance underwritten by a risk retention group, a commercial self-insurance fund as defined in s. 624.462, or a workers’ compensation self-insurance fund established pursuant to s. 624.4621.
(c) Surety insurance.
*777 (d) Health insurance, when transacted by an insurer also represented by the saíne agent as to property or casualty or surety insurance.
(e) Marine insurance.
§ 626.015(5), Fla. Stat. (2005).
Under Section 626.015(5)(a), Global would be considered a “general lines agent” for transacting windstorm property insurance. The issue is whether Global was specifically Citizens’ general lines agent, having the apparent authority to bind Citizens into providing coverage for European Woodcraft. Russell v. Eckert, 195 So.2d 617, 620 (Fla. 2d DCA 1967).
An insurer may be held accountable for the action of those whom it cloaks with apparent agency. Almerico v. RLI Ins. Co., 716 So.2d 774, 777 (Fla.1998). Here, the trial court found Citizens provided application forms as well as a Citizens underwriting manual to Global. The Florida Supreme Court has held that “the furnishing of company materials by the insurance company to the individual agent or broker and the subsequent acceptance of business from that agent established] civil liability by an insurer to an insured in the same manner as if the insurer had specifically designated the broker as its agent.” Id. at 781. However, the principal (insurer) will not be bound by the agent’s action if the insured knew or was put on notice of inquiry as to the limitation on the agent’s actual authority. Amstar Ins. Co. v. Cadet, 862 So.2d 736, 741 (Fla. 5th DCA 2003) (emphasis added).
The trial court found there was no evidence that European Woodcraft was ever put on notice of any limitations on Global’s authority to bind coverage. However, the application states the following in the first paragraph on the second page of the application:
Effective Date of Coverage is upon approval of Citizens. No insurance agent has the power to bind coverage or make the policy effective. ■ Receipt by agents of premiums is not receipt by Citizens and does not make the policy effective. Applicants must not rely on representations of any party other than Citizens in its Tallahassee or Jacksonville Offices.
This provision clearly provides actual notice on the limitations of Global to bind the insurer. Since European Woodcraft never received the second page of the application, the issue is whether European Woodcraft was placed on notice of inquiry regarding limitations of the brokers’ actual authority. The printed line directly above the signature line on page 1 of the application reads:
I further understand and agree to the terms as set forth on page 2.
Mr. Volpe, European Woodcraft’s principal, admitted that when he signed the application, he understood page 2 was part of the entire application but never asked to review the page. “In order to charge a person with notice of a fact of which he might have learned by inquiry, the circumstances known to him must be such as should reasonably suggest inquiry and lead him to inquiry.” Sheres v. Genender, 965 So.2d 1268, 1271 (Fla. 4th DCA 2007) (quoting Chatlos v. McPherson, 95 So.2d 506, 509 (Fla.1957)). Was Volpe on inquiry notice of the agency disclaimer? Stated another way, “would a reasonable person inquire and therefore discover the agency limitation provision?” A reasonable person under these circumstances would have actually read page 2 and discovered the agency disclaimer. “[A] person has no right to shut his eyes or ears to avoid information, and then say that he has no notice; that it will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party *778 puts him on inquiry, when the means of knowledge is at hand.” Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932). Similarly, an insured cannot avoid liability for a provision in an insurance application he claims he did not read. Nationwide Mut. Fire Ins. v. Kramer, 725 So.2d 1141, 1143 (Fla. 2d DCA 1998).
The Plaintiff under these given circumstances was placed on inquiry notice and therefore subject to the limitations imposed on Global by Citizens. Lastly, Citizens contends the trial court erred in failing to rule, as a matter of law, that European Woodwork was on notice of the contents of page 2 of the insurance application based on the incorporation by reference doctrine. The trial court ruled that since Mr. Volpe was never provided page 2 of the application, Citizens cannot rely on the incorporation by reference doctrine to bind him to its terms, citing Affinity Internet, Inc. v. Consol. Credit Counseling Servs., Inc., 920 So.2d 1286, 1288 (Fla. 4th DCA 2006). We agree.
There are two different rules for deciding whether a document has been incorporated by reference. First, “[a] document must be considered incorporated by reference where the incorporating document specifically provides that it is subject to the incorporated document.” Hurwitz v. C.G.J. Corp., 168 So.2d 84, 86 (Fla. 3d DCA 1964) (emphasis added). This was not the case with Citizens application. Nowhere in the application did it make it subject to the terms and conditions on page 2. Second, if the collateral document is sufficiently described or referenced in the incorporating agreement it may be considered, but only for the purpose of determining the intention of the contracting parties. Id. at 87. Here, the language on page 1 of the application did not expressly refer to or describe the agency disclaimer on page 2 and therefore cannot be incorporated by reference. As discussed in Affinity, merely suggesting the additional terms of the contract, without sufficiently describing the other document or offering the collateral document to the party intending to be bound, precludes application of incorporation by reference doctrine. 920 So.2d at 1288. Accordingly, the trial court did not err by failing to apply the incorporation by reference doctrine as to page 2 of the insurance application as a matter of law.

Reversed and Remanded.

POLEN and MAY, JJ., concur.