DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**SHELBY ANN SPICER,**
Appellant,

v.

**TENET FLORIDA PHYSICIAN SERVICES, LLC,** and **SUNRISE MEDICAL GROUP I, LLC,**
Appellees.

No. 4D14-215

[October 22, 2014]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez-Powell, Judge; L.T. Case No. CACE13003531.

Maria Elena Abate and Matthew C. Scarfone of Colodny, Fass, Talenfeld, Karlinsky, Abate & Webb, P.A., Fort Lauderdale, for appellant.

David R. Ruffner and Martin B. Goldberg of Lash & Goldberg, LLP, Miami, for appellees.

CONNER, J.

Shelby Ann Spicer, the employee, appeals the trial court's order granting Tenet's motion to compel arbitration. She argues that the trial court erred for several reasons. We are persuaded by two of her arguments: (1) her employment agreement, standing alone, did not contain a legally sufficient agreement to arbitrate; and (2) her employment agreement did not sufficiently incorporate by reference a separate document which did contain a legally sufficient agreement to arbitrate. We write to discuss only those issues and reverse.

*Factual Background and Pertinent Trial Court Proceedings*

In June 2010, the employee began working for Sunrise Medical Group I, LLC. In early 2011, Sunrise was acquired by Tenet. As part of the acquisition, Tenet hired the employee. The employee signed an employment agreement with Tenet on December 15, 2011. The

employment agreement was in the format of a two-page letter on Tenet's letterhead signed by a human resource manager, with the employee's signature underneath. The letter contained five numbered paragraphs. The last paragraph of the employment agreement stated:

> 5. <u>Conflict Resolution</u>: As a condition of employment, you agree that any and all disputes regarding your employment with [Tenet], including disputes relating to the termination of your employment, are subject to the Tenet Fair Treatment Process ["FTP"], which includes final and binding arbitration. You also agree to submit any such disputes for resolution under that process, and you further agree to abide by and accept the decision of the arbitrator as the final and binding decision and exclusive resolution of any such disputes.

The last sentence of the letter stated: "If you have any questions, please contact feel free to contact [sic] me in the Human Resources Department at [phone number]." The FTP was not attached to the employment agreement. There were no specific directions in the letter as to how the employee could obtain a copy of or locate the FTP.

On January 1, 2012, the employee was given directions as to how to access the website where the "Open Door and Fair Treatment Policy" was posted. The FTP is a subpart of the "Open Door and Fair Treatment Policy." The FTP contained the following language:

> The arbitration will be administered by the American Arbitration Association ("AAA:). The Company and the employee will share the cost of the AAA's filing fee and the arbitrator's fees and costs, but the employee's share of such cost shall not exceed an amount equal to one day's pay (for exempt employees) or eight times the employee's hourly rate (for non-exempt employee) or the local filing fee, whichever is less.
>
> . . . .
>
> **Authority of Arbitrator:** The arbitrator has the authority to award any remedy that would have been available to the employee had the employee litigated the dispute in court under applicable law.

A little over a year later, in February 2013, the employee filed a complaint against Tenet alleging that it violated Florida's Whistleblower

Act. The employee claimed that she brought certain violations to Tenet's attention and she was then retaliated against and became unemployed.

In response to the complaint, Tenet filed a motion to compel arbitration, arguing that the employment agreement and FTP required arbitration between the parties in the event of a dispute. After the hearing on Tenet's motion, the trial court granted Tenet's motion, finding that there was a valid written arbitration agreement, the arbitration agreement was not unconscionable, and Tenet did not waive its right to arbitrate.

*Legal Analysis*

"An order granting or denying a motion to compel arbitration is reviewed *de novo*." *Ibis Lakes Homeowners Ass'n v. Ibis Isle Homeowners Ass'n*, 102 So. 3d 722, 727 (Fla. 4th DCA 2012) (quoting *Best v. Ed. Affiliates, Inc.*, 82 So. 3d 143, 145 (Fla. 4th DCA 2012)) (internal citation omitted) (internal quotation marks omitted).

The central issue we address on appeal is whether a valid arbitration agreement existed between the employee and Tenet.[1] The employee raises two arguments in asserting there was no binding arbitration agreement in this case. First, she argues that the employment agreement itself did not contain an adequate arbitration agreement. Second, she argues that the FTP, which did state an adequate arbitration agreement, was not sufficiently incorporated into the employment agreement. We address each argument serially.

*Whether the Employment Agreement, Standing Alone, Was a Sufficient Arbitration Agreement*

"Provisions in a contract providing for arbitration must be definite enough so that the parties at least have some idea as to what particular matters are to be submitted to arbitration and *set forth some procedures by which arbitration is to be effected*." *Malone & Hyde, Inc. v. RTC Transp., Inc.*, 515 So. 2d 365, 366 (Fla. 4th DCA 1987) (emphasis added) (citing *G*

---

[1] "The court must consider three elements in determining a party's entitlement to arbitration: '(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.'" *Premier Real Estate Holdings, LLC v. Butch*, 24 So. 3d 708, 710 (Fla. 4th DCA 2009) (quoting *O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd.*, 944 So. 2d 181, 185 (Fla. 2006)) (internal quotation marks omitted); *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 874 (Fla. 4th DCA 2007) (quoting *Marine Envtl. Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003)) (internal quotation marks omitted). The second and third elements are not at issue in this case.

*& N Constr. Co. v. Kirpatovsky*, 181 So. 2d 664 (Fla. 3d DCA 1966)) (emphasis added).

The language of the employment agreement, standing alone, was not sufficient create a valid arbitration agreement. Although the agreement does include language about arbitration, and does define what matters are to be submitted to arbitration, absent incorporation of the FTP by reference, the employment agreement *does not set forth any procedures for arbitration* as required by *Malone*. It simply states:

> 5. <u>Conflict Resolution</u>: As a condition of employment, you agree that any and all disputes regarding your employment with TFPS, including disputes relating to the termination of your employment, are subject to the Tenet Fair Treatment Process, *which includes final and binding arbitration.* You also agree to submit *any such disputes* for resolution under *that process*, and you further agree to abide by and accept the decision of the arbitrator as the final and binding decision and exclusive resolution of any such disputes.

(emphasis added). Although we held in *Butch* that failure to designate the procedure under which arbitration would be governed does not invalidate an arbitration agreement if the contract stated that it was to be construed under Florida law, our holding was premised on the determination that the Florida Arbitration Code, Chapter 682, Florida Statutes, fills in the "gaps" or missing procedure. 24 So. 3d at 710. The employment agreement in this case has no statement that it is to be construed under Florida law.

We thus conclude the employment agreement, standing alone, does not contain a binding arbitration agreement.

*Incorporation of the FTP by Reference*

"It is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing." *OBS Co., v. Pace Constr. Corp.*, 558 So. 2d 404, 406 (Fla. 1990) (citations omitted).

In *BGT Group, Inc. v. Tradewinds Engine Services, LLC*, 62 So. 3d 1192, 1194 (Fla. 4th DCA 2011), we held that:

> To incorporate by reference a collateral document, the incorporating document must (1) specifically provide "'that it

4

is subject to the incorporated [collateral] document'" and (2) the collateral document to be incorporated must be "'sufficiently described or referred to in the incorporating agreement'" *so that the intent of both parties may be ascertained. Kantner v. Boutin,* 624 So. 2d 779, 781 (Fla. 4th DCA 1993) (quoting *Hurwitz v. C.G.J. Corp.,* 168 So. 2d 84, 87 (Fla. 3d DCA 1964)).

(emphasis added). *See also OBS,* 558 So. 2d at 406 ("It is a generally accepted rule of contract law that, where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing.").

Here, the employment agreement expressly states that "any and all disputes regarding your employment with [Tenet]. . . are subject to the [FTP]." Thus, the first element of incorporation by reference was satisfied. The dispositive issue is whether the second element was satisfied.

In *BGT,* a dispute arose based on a sale of used gas turbine parts from BGT to Tradewinds. 62 So. 3d at 1193. BGT sent Tradewinds a quote for the sale, which included that the order was subject to "the attached BGT terms and conditions." *Id.* However, there were no terms and conditions attached. *Id.* Tradewinds did not request a copy of the terms and conditions because it assumed that the quote referenced "something that didn't exist." *Id.* at 1193-94. BGT then sent an invoice to Tradewinds, which referenced a "remarks" section. *Id.* at 1194. The "remarks" section did not contain any language regarding arbitration, and also referenced "attached BGT terms and conditions," which again were not attached. *Id.* We held that the terms and conditions were not incorporated into the agreement between BGT and Tradewinds, because "cases finding sufficient description of a collateral document to create an incorporation by reference involve more detailed descriptions of the collateral document, or where the document could be found." *Id.* at 1195.

Another important fact to our decision in *BGT* was that BGT failed to provide the terms and conditions during the negotiating process. *Id.* Because the quote and purchase order did not sufficiently describe the terms and conditions and because the terms and conditions were not provided in the negotiation process, we concluded that a reasonable view of the contract indicated that BGT, "as drafter of the documents, did not intend to incorporate any 'terms and conditions' where it did not provide a specific description of them *or* attach them to the quote and purchase order." *Id.* (emphasis added). We also concluded "it cannot objectively be said the Tradewinds agreed to be bound by them." *Id.* In *Kaye v. Macari*

*Building. & Design, Inc.*, 967 So. 2d 1112, 1113 (Fla. 4th DCA 2007), we found an adequate incorporation by reference where the following language was used: "The American Institute of Architects Documents No. A-201, April 1997 Edition is hereby made a part of these specifications and this contract." The citation to a specific document by date and edition in *Kaye* provided more information about the document to be incorporated than the employment agreement in this case. We also distinguish the facts of this case from *Kaye* because the FTP was a subpart of the Open Door and Fair Treatment Policy, which was not mentioned or described within the employment agreement. No description, citation, or location was given in the employment agreement for either the Open Door and Fair Treatment Policy or the FTP.

Tenet does not dispute that the location of the Open Door and Fair Treatment Policy and the FTP were not disclosed to the employee until seventeen days after the employment agreement was signed. Rather, to negate the argument that the employment agreement failed to disclose the location of the FTP, Tenet argues the employment agreement clearly states: "If you have any questions, please contact feel free to contact [sic] me in the Human Resources Department at [phone number]." Tenet contends that because the employee "asked no questions, raised no objections, and received an electronic copy of the FTP seventeen days [after signing the employment agreement]," the employee's arguments on appeal are unavailing because "[the employee] cannot plead ignorance as to the terms of the FTP simply because she failed to access and review it." However, the cases cited by Tenet for this argument are very distinguishable from the facts of this case, and we are not persuaded by Tenet's argument.[2] We hold that merely providing a telephone number in a document for a party to call "if you have any questions" is not sufficient to meet the requirement of giving the location of a document to be incorporated by reference.

---

[2] In support of the argument on this point, Tenet cites to *Brea Sarasota, LLC v. Bickel*, 95 So. 3d 1015 (Fla. 2d DCA 2012), *Consolidated Resources Healthcare Fund I, Ltd.*, 853 So. 2d 500 (4th DCA 2003), and *Brasington v. EMC Corp.*, 855 So. 2d 1212 (Fla. 1st DCA 2003). None of these cases address an issue of incorporation by reference, and none involve an issue concerning the adequacy of the description of the arbitration procedures to be used. Although in each of the three cases the court found the party contesting arbitration could have obtained more information about the applicable arbitration procedures upon reading further or making inquiries, it appears the location of the information in each case was clearly stated in the arbitration agreement.

*Conclusion*

We conclude that the employment agreement, standing alone, did not contain a legally sufficient arbitration agreement because it failed to set forth some procedures by which arbitration was to be effected. Although the employment agreement clearly stated that any and all disputes were "subject to" the FTP, the FTP was not sufficiently described in the employment agreement or attached and no location was given as to where the FTP could be found. Therefore, the FTP was not sufficiently incorporated into the employment agreement. It was reversible error for the trial court to order arbitration in this case.

*Reversed and remanded.*

GROSS and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

7