# Third District Court of Appeal

## State of Florida

Opinion filed February 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-602
Lower Tribunal No. 20-20865
_____

**Christopher Ron, etc.,**
Appellant,

vs.

**Evelyn Parrado, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Montesino Law, and Armando A. Montesino, for appellant.

Omar K. Ibrahem, P.A., and Omar K. Ibrahem, for appellee Evelyn Parrado.

Before EMAS, HENDON and MILLER, JJ.

PER CURIAM.

Christopher Ron, individually, and derivatively on behalf of Spectrum Image, Inc., appeals from the trial court's order granting appellee Evelyn Parrado's motion to compel arbitration of their disputes. We find no merit in the claims raised by appellant, and affirm. See Lowe v. Nissan of Brandon, Inc., 235 So. 3d 1021, 1026 (Fla. 2d DCA 2018); ("[I]f the parties execute two separate contracts and only one contract contains an arbitration clause, the parties cannot be compelled to arbitrate disputes arising from the contract that does not call for arbitration. ***The exception is where the contract with the arbitration clause incorporates by reference the contract which does not contain an arbitration clause, such that the latter could be interpreted as part of the [former] contract.***") (citations and quotations omitted) (emphasis added); Airbnb, Inc. v. Doe, 336 So. 3d 698, 705 (Fla. 2022) (explaining that "because Airbnb's Terms of Service incorporate by reference the AAA Rules that expressly delegate arbitrability determinations to an arbitrator, the agreement clearly and unmistakably evidences the parties' intent to empower an arbitrator, rather than a court, to resolve questions of arbitrability"); compare St. Augustine Pools, Inc. v. James M. Barker, Inc., 687 So. 2d 957, 958 (Fla. 5th DCA 1997) (finding that general contract with arbitration provision was not incorporated by reference into parties' separate contract: "This Agreement is *subject to* the General

2

Contract between the Owner and General Contractor. Subcontractor acknowledges that he is familiar with the General Contract and the General Conditions thereof and agrees to comply with all applicable provisions thereof.") (emphasis added) with Lowe, 235 So. 3d at 1026 (finding that a purchase agreement incorporated by reference a separate, agreement to arbitrate: "If you have executed an Arbitration Agreement in conjunction with this Agreement such Arbitration Agreement *shall be incorporated herein by reference and made a part of this Agreement*.") See also Careplus Health Plans, Inc. v. Interamerican Med. Ctr. Grp., LLC, 124 So. 3d 968, 971 (Fla. 3d DCA 2013) ("Whether an arbitration clause requires arbitration of a particular dispute depends on the intent of the parties to the contract") (quoting Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla.1999)). See also Cabrera v. Cabrera, 987 So. 2d 753, 755 (Fla. 3d DCA 2008) ("The trial court's active participation in the proceedings supports our conclusion that there is no appearance that the trial court did not exercise its independent judgment when entering the final judgment in the instant case") (citing Perlow v. Berg–Perlow, 875 So. 2d 383 (Fla. 2004)).