# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-597
Lower Tribunal No. 16-16030
_____

**Morel Faustin,**
Appellant,

vs.

**Jean Claude Remy,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Andrew M. Kassier, P.A., and Andrew M. Kassier, for appellant.

Michael S. Kaufman, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See Fla. Wellness & Rehab. v. Allstate Fire & Cas. Ins. Co., 201 So. 3d 169, 171-72 (Fla. 3d DCA 2016) (elaborating on the phrase "subject to" as used in rules promulgated by the Florida Supreme Court and statutes enacted by the Florida Legislature: "The policy clearly states that 'coverage shall be subject to any and all limitations . . . authorized by section 627.736 . . . including . . . all fee schedules.' The phrase 'subject to' as used in this policy indicates that coverage is governed by or limited by the fee schedules. 'When expressing the hierarchical effect of overlapping provisions, the phrase 'subject to' is very commonly used to signal subordination'") (quoting Allstate Fire & Cas. Ins. v. Stand-Up MRI of Tallahassee, P.A., 188 So. 3d 1, 3 (Fla. 1st DCA 2015) and citing St. Augustine Pools, Inc. v. James M. Barker, Inc., 687 So. 2d 957, 958 (Fla. 5th DCA 1997) ("The term 'subject to' means liable, subordinate, subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable")).