[No. C028404. Third Dist. Apr. 29, 1999.]

PACIFIC PREFERRED PROPERTIES, INC., Cross-complainant and Respondent, v.
KELVIN H. MOSS et al., Cross-defendants and Appellants.

NORCAL REALTY PARTNERS, Cross-complainant and Respondent, v.
KELVIN H. MOSS et al., Cross-defendants and Appellants.

**[Opinion certified for partial publication.\*]**

\*See footnote 1, *post*, page 1458.

COUNSEL

Moore, Meegan, Hanschu & Kassenbrock, Mark R. Kassenbrock and Peter J. Pullen for Cross-defendants and Appellants.

Howard J. Stagg IV for Cross-complainants and Respondents.

OPINION

**BLEASE, Acting P. J.**—This is an appeal from orders after judgment denying a motion for an award of attorney's fees.

The appellants, Kelvin H. and Leslie Moss (collectively the Mosses), were sued on cross-complaints by the respondents, Pacific Preferred Properties, Inc. (PPP), and NorCal Realty Partners (NorCal), for wrongfully foreclosing a deed of trust that the Mosses received as part of the consideration for the purchase of their house. After prevailing on summary judgments as to the cross-complaints, the Mosses sought an award of attorney's fees predicated upon an attorney's fees provision in the purchase contract for their house which expressly applies to actions instituted by or against the broker arising out of the house sales contract. The Mosses contended that NorCal was liable as the principal that operated the brokerage named in the purchase contract and PPP was liable as the successor in interest of NorCal.

The trial court denied an award on the ground that, notwithstanding the attorney's fees award provision, NorCal and PPP could not be held liable because the broker was not a party to the contract. We disagree.

In the published portion of the opinion we conclude the named broker was a party to the contract containing the attorney's fees provision.[1]

We will reverse the orders denying an award of attorney's fees.

FACTS AND PROCEDURAL BACKGROUND

In August 1993 the Mosses sold a house to Charles and Elizabeth Morgan (the Morgans). As a part of the consideration the Morgans assigned to the Mosses a note secured by a deed of trust on a car wash. The Morgans also personally guaranteed the obligation evidenced by the note. The Morgans earlier had sold the car wash to Harold Langerman and received the secured note in that transaction.

---

[1]The Reporter of Decisions is directed to publish the opinion except part I and part III of the Discussion.

The deed of trust securing the note provides that if Langerman sold the property the secured obligations would immediately become due and payable at the option of the holder. In December 1993 the Mosses learned Langerman intended to sell the car wash property. They sent a letter to Langerman and the Morgans asserting such a transaction would require paying off the note under the due on sale clause.

In September 1994 Langerman sold the car wash to Gary Matranga. The Mosses demanded payment of the note and when that was not forthcoming they foreclosed pursuant to the deed of trust and demanded payment by the Morgans pursuant to the guarantee. Litigation ensued. Matranga sued, among others, PPP. The Morgans sued, among others, PPP and NorCal. PPP cross-complained against the Mosses in the Matranga action; NorCal cross-complained against the Mosses in the Morgan action. The charging allegations against the Mosses in each cross-complaint are essentially identical; the NorCal allegations are as follows.

"12. Cross-Complainant is informed and believes and thereon alleges that in or about June 1993, Morgan and Trust assigned the car wash Note and incorrect Deed of Trust to Moss, and that both Morgan and Moss eventually had knowledge that said Deed of Trust had been improperly prepared by Fidelity, and incorrectly contained an acceleration/due on sale clause. Cross-Complainant is further informed and believes and thereon alleges that Morgan communicated to Moss that said acceleration/due on sale clause in the said Deed of Trust was incorrect, and that said Note could not be accelerated, upon the sale or transfer of the car wash property.

"13. Cross-Complainant is informed and believes and thereon alleges that Moss, Trust and Morgan, had knowledge of the defect in said Deed of Trust, and conspired to foreclose on the subject car wash, causing the alleged damages for which Plaintiff complains, and damages to Cross-Complainant herein."

Thereafter, the original Matranga and Morgan actions were consolidated.

The principal legal theory of the PPP and NorCal cross-complaints was that the Mosses knew the due on sale clause had been included in the deed of trust by mistake and had improperly foreclosed against Matranga and enforced the guarantee against the Morgans, causing the alleged damages which led Matranga and the Morgans to sue PPP and NorCal.

The Mosses moved for summary judgment on the ground there was no substantial evidence to support the essential allegation the Mosses knew of

the alleged mistake concerning the due on sale clause before they acquired the note secured by the deed of trust.

The trial court granted the motion for summary judgment, concluding the Mosses established as undisputed that they did not have knowledge of the alleged mistake concerning the due on sale clause and therefore had done nothing wrongful in enforcing the obligations as holders in due course. The Mosses prepared, and the trial court signed and entered, a single judgment document in favor of the Mosses and against PPP and NorCal.

Thereafter, the Mosses moved for an award of attorney's fees, claiming an entitlement as a result of the following provision of the form real estate purchase contract document used for the 1993 sale of the Mosses' house to the Morgans.

"22. ATTORNEY'S FEES: In any legal action, proceeding or arbitration arising out of this agreement, whether instituted by or against the BUYER or SELLER, or the Brokers named herein, the prevailing party(s) shall be entitled to reasonable attorney's fees and costs."

The broker named in the contract is Prudential California Realty, which acted as both the listing and selling agent. The contract recites that it was "prepared by Anthony E. Lema for California Prudential." The Mosses' motion notes this and, as related, asserts that at the time of the transaction, California Prudential Realty was operated by NorCal and that subsequently PPP succeeded to NorCal's interest.

PPP and NorCal opposed the attorney's fees claim on the ground there were no written agreements between the Mosses and either PPP or NorCal. The joint opposition memorandum argues the Mosses' theory is fallacious because the gravamen of the cross-complaint is wrongful foreclosure of the car wash deed of trust and not an action on the house purchase contract. Therefore, "[t]here is simply no written agreement containing an attorney's fees clause between either entity, NorCal or [PPP] and Moss . . . ." The memorandum then moves on to case law, discussed *post*, concerning liability of a broker under an attorney's fees clause in a real estate purchase contract. Notably lacking in the memorandum is any denial of the Mosses' claims that NorCal was the principal for California Prudential Realty and that PPP was the successor in interest of NorCal.

The matter came on for hearing on September 22, 1997. The trial court said the question is "whether there's a contract in which the brokers are a party" and decided that in these circumstances the broker was not a party to

the Mosses' house purchase contract and thus NorCal and PPP could not be bound under its attorney's fees provision. The Mosses appeal from the denial of their motion.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### II

■ The Mosses contend the trial court erred in denying their motion for an award of attorney's fees.

They claim the trial court's determination the broker was not a party to the contract containing the attorney's fees clause is incorrect. PPP and NorCal reply the trial court was correct and there is no written contract providing for an award of attorney's fee on which an award can be predicated. The Mosses' argument is persuasive and their contention of error is meritorious.

■ "There must be at least two parties to a contract, a promisor and a promisee, but there may be any greater number." (Rest.2d Contracts, § 9.) "A 'contract' may be a complex transaction. The parties to it may be many; and these parties may not be divided into two separate 'groups', the members of each 'group' having common 'interests' and acting as a 'unit.' And yet, they may execute a single document, with two or more making certain promises together and in conjunctive form, and with promises being made to two or more others. The performances promised may be separate instead of single and undivided, one payment or transfer to go to A and another to go to B." (4 Corbin, Contracts (1951) § 940, p. 792.) ■ Thus, there is no inherent impediment to a broker making a contract to pay attorney's fees, in any action arising from the contract, by means of the same document used to memorialize the real estate purchase contract between buyer and seller. The question is whether that occurred in this case.

The trial court held and the respondents assert that it did not, relying on *Super 7 Motel Associates* v. *Wang* (1993) 16 Cal.App.4th 541 [20 Cal.Rptr.2d 193] (hereafter *Super 7*).[2] *Super 7* is inapposite.

---

*See footnote 1, *ante*, page 1458.

[2]They also cite *Sweat* v. *Hollister* (1995) 37 Cal.App.4th 603 [43 Cal.Rptr.2d 399], a case which simply follows *Super 7*. Since *Sweat* concerns an identical situation, it warrants no separate discussion or analysis.

In *Super* 7 the broker prevailed in an action brought by the buyer and claimed attorney's fees under paragraph 14 of the real estate purchase contract document which provided: " 'In any action or proceeding arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.' " (16 Cal.App.4th at p. 544.) The document had two parts; paragraph 14 was contained in the first part, which addressed the rights and obligations of the buyer and the seller and contained only a single mention of the broker, namely, a provision consenting to disclosure of the sale information to the multiple listing service. The second part of the document addressed only the broker's commission agreement and contained an attorney's fees clause providing: " 'In any action between Broker and Seller arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.' " The broker had subscribed to this portion of the document. (*Ibid.*)

The *Super* 7 opinion concludes the broker was not a party to "the contract containing the attorney fee clause" on which he relied. (16 Cal.App.4th at p. 545.) It reasons the signature of the broker only signified his assent to the commission agreement aspect of the document. (*Id.* at p. 546.) The opinion then "confirms" the conclusion by showing that construction of the provisions of the deposit receipt belies the claim the broker is within the meaning of the word "party" in the paragraph 14 attorney's fees provision. (*Ibid.*)

In this case, the real estate purchase agreement also contains a portion principally addressed to the purchase and sale obligations of the buyer and seller and a portion largely (albeit not entirely)[3] addressed to the commission agreement between the seller and the broker. The agreement differs from the one at issue in *Super* 7, in that several references to the broker occur in the "buy-sell" portion of the document.[4]

The critical difference between this case and *Super* 7 is the attorney's fees provision in issue here (paragraph 22) unambiguously includes the broker within the ambit of its benefit provisions and its performance obligations. There can be no claim "the prevailing party," as used in the attorney's fees provision, is not intended to apply to the broker. The trial court attempted to evade the implication of party status arising from this salient consideration by characterizing the broker as an intended third party beneficiary of the buyer-seller contract. However, that ascription does not fit; the attorney's fees provision is not, of necessity, a benefit.

---

[3] It also provides for the seller's acceptance and authorization of the broker to deliver the acceptance.

[4] For example, the agency relationships of broker to buyer and seller are set forth and there are disclaimers of representations by the broker concerning various matters.

The Mosses submit that if they are not prevented from recovery of attorney's fees by *Super 7*, they are entitled to recover under an earlier case of this court, *Childers* v. *Edwards* (1996) 48 Cal.App.4th 1544 [56 Cal.Rptr.2d 328]. In *Childers* a broker was permitted to recover an attorney's fees award against a buyer who unsuccessfully sued for fraud under an attorney's fees clause identical to the one in this case. However, in that case no question was tendered or discussed whether the clause applied against a broker where the broker was not a party to the contract. *Childers* is not authority on point on an issue which it neither addressed nor decided. (See, e.g., *People* v. *Toro* (1989) 47 Cal.3d 966, 978, fn. 7 [254 Cal.Rptr. 811, 766 P.2d 577].)

The question here must be resolved under the law of formation of contracts. The attorney's fees provision in paragraph 22 could apply for or against the broker, depending upon who prevails. In pertinent part the attorney's fees provision in that paragraph is a statement the broker will pay attorney's fees in prescribed circumstances, i.e., to the prevailing party in any proceeding to which the broker is a party "arising out of [the] agreement." When a broker supplies a contract document to the buyer and seller containing a clause of this kind, the broker manifests an intention to pay attorney's fees in ensuing litigation if the broker does not prevail. The manifestation is made so as to justify the buyer and seller in understanding that a commitment has been made. That is to say, as paragraph 22 expressly provides, the broker promises to pay attorney's fees if it is not the prevailing party in litigation arising out of the real estate purchase contract. (See Rest.2d Contracts, § 2.)

When the buyer and the seller execute the document they manifest assent to the reciprocal attorney's fees right and obligation. This results in a manifestation of mutual assent on the part of two or more persons to the exchanged attorney's fees promises requisite for an agreement and a bargain. (See Rest.2d Contracts, § 3; see generally, *Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342 [5 Cal.Rptr.2d 154].) In these circumstances, a tripartite contract concerning the award of attorney's fees is formed between buyer, seller and broker. (See Rest.2d Contracts, § 1.)

The trial court erred in determining that the Mosses could not enforce that contract because the broker was not a party to that contract.

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote 1, *ante*, page 1458.

## DISPOSITION

The orders denying an award of attorney's fees are reversed. The Mosses shall recover the costs of this appeal. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Davis, J., and Raye, J., concurred.