795 So.2d 1006 (2001)
Carmen and Jose SANCHEZ, Appellants,
v.
BRAUN & MAY REALTY, INC. and Ronald Weigand, Appellees.
No. 4D00-417.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
Rehearing Denied October 4, 2001.
Louis C. Arslanian, Hollywood, for appellants.
*1007 Marc A. Silverman of Frank, Weinberg & Black, P.A., Plantation, for Appellee-Braun & May Realty, Inc.
PER CURIAM.
Carmen and Jose Sanchez appeal from the final judgment entered in their suit against appellees for damages arising out of their purchase of a house. They also appeal from the trial court's order denying their motion for attorney's fees. We affirm in part and reverse in part.
Appellants entered into a contract to purchase a home, "as is," from Alvaro Sandoval. A disclosure agreement provided that appellee Ronald Weigand would represent both appellant buyers and the seller in the transaction, and it identified appellee Braun & May Realty as the broker in the transaction, but it did not specify the nature of the relationship between Weigand and Braun & May. The purchase and sale contract provided that the prevailing party in any litigation arising out of the contract shall be entitled to recover costs and attorney's fees.
Appellees furnished documents to appellants that described the house as a three bedroom, two bath house of concrete block and stucco (CBS) construction, and stated that the information was deemed reliable, but was not guaranteed. After closing, appellants discovered that the house was originally a two bedroom, one bath house which had been expanded by enclosing a carport, and that the enclosure was not of CBS construction. Appellants discovered these facts when they had the house pressure cleaned and the walls of the enclosure disintegrated. They further discovered that the enclosure had been constructed without a permit.
Appellants filed suit against the seller and appellees to recover for damage to the home. The seller, however, was bankrupt. The cause proceeded solely against appellees upon theories of negligence, negligent misrepresentation, and intentional misrepresentation. In their amended complaint, appellants alleged that appellees represented that the house was a three bedroom, two bath house of CBS construction. In its affirmative defenses, appellees alleged that any liability relating to the structure would be the responsibility of the seller Sandoval because Sandoval warranted to appellants that the property complied with all governmental regulations and that all improvements had been properly permitted and complied with all applicable governmental regulations.
At the close of the evidence, the trial court granted a directed verdict in favor of appellees on the intentional misrepresentation count. The jury found negligence on the part of all participants in the transaction, and attributed this negligence 60% to the seller Sandoval, 20% to appellee Weigand, 15% to appellants, and 5% to appellee Braun & May. It assessed damages at $30,000. The trial court entered its amended final judgment against appellee Weigand in the amount of $6,000, or 20% of the damages, and against appellee Braun & May in the amount of $1,500, or 5% of the damages.
Appellants first argue that the trial court erred when it failed to award them the full amount of damages against appellees, jointly and severally. We disagree. Section 768.81, Florida Statutes (1997), governing comparative fault, provides:
(1) Definition.As used in this section, "economic damages" means ... replacement value of lost personal property; loss of appraised fair market value of real property; costs of construction repairs, including labor, overhead, and profit; and any other economic loss which would not have occurred but for the injury giving rise to the cause of action.

*1008 (2) Effect of contributory fault.In an action to which this section applies, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.
(3) Apportionment of damages.In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against the party on the basis of the doctrine of joint and several liability.
Initially, we hold that pursuant to section 768.81(2), the $30,000 award of damages must be reduced to $25,500, to account for appellants' percentage of fault. We also hold that because appellants were only 15% at fault while Weigand was 20% at fault, Weigand is jointly and severally liable for the full $25,500, pursuant to section 768.81(3). See Metropolitan Dade County v. Frederic, 698 So.2d 291 (Fla. 3d DCA 1997).
As to appellee Braun & May, however, the judgment is correct. Section 768.81(3) provides that a party whose percentage of fault does not equal or exceed that of the claimant shall not be subject to joint and several liability. Appellants argue that Braun & May is actually 25% at fault because Weigand is its employee and it is vicariously liable for his fault. Appellants never proved that Weigand is Braun & May's employee. Their pleadings did not allege an employment or an agency relationship, or a cause of action for vicarious liability. The contract did not specify the nature of the working relationship, and the only evidence adduced at trial was Weigand's testimony that he was an independent contractor.
We also reject appellants' argument that Braun & May admitted that Weigand was its employee. In its answer, Braun & May only admitted that Weigand was "a licensed real estate agent working for" Braun & May. This admission does not establish the nature of Weigand's relationship with Braun & May. The elements necessary to establish a master-servant relationship are the selection and engagement of the servant, the payment of wages, the power of dismissal, and the control of the servant's conduct. Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139 (Fla. 1st DCA 1986). The distinction between an employee and an independent contractor turns on the power to control. Appellants did not present evidence concerning whether Weigand was an employee or an independent contractor.
Appellants also contend that the trial court erred when it denied their motion for attorney's fees. The contract provides:
In any litigation (including all appeals) arising out of this Contract involving Seller and Buyer or Broker or Escrow Agent, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees.
We hold that this provision applies to an action between the seller and the broker, but not to an action between the buyer and the broker. Additionally, we agree with Braun & May's argument that, although named in the purchase and sale contract as broker for the transaction, it was not a party to that contract and therefore is not liable to appellants for attorney's fees. See Baldoria v. Sec. Realty Inv., Inc., 581 So.2d 189 (Fla. 3d DCA), rev. denied, 592 So.2d 679 (Fla.1991). The trial court therefore did not err in denying the buyer's motion for attorney's fees.
*1009 Accordingly, we affirm the trial court's denial of appellants' claim for attorney's fees under the contract. We reverse the amount awarded in the final judgment and the trial court's apportionment of liability. We remand with instructions for the trial court to reduce the amount of the verdict to $25,500, and to make such further amendments to the final judgment as may be consistent herewith.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, KLEIN and GROSS, JJ., concur.