CORTIÑAS, Judge.
The Defendant, Schumacher Properties, Inc. (“Schumacher”), appeals from a final order granting co-defendant’s, Lawrence Rellinger’s (“Rellinger”), motion for judgment on the pleadings and denying Schu-macher attorney’s fees.
Schumacher was a real estate brokerage and escrow agent which marketed and ultimately obtained a written contract for the sale of Rellinger’s property in Key Largo, Florida to Fred A. Ross, Jr. (“Ross”). After executing the contract and paying a $25,000 deposit, Ross discovered that Monroe County had no record of any permits or inspections for the substantial renovations made by Rellinger to the property, which included electrical and plumbing improvements. Ross timely demanded that Rellinger and Schumacher provide him with documentation to verify that the renovations were legal, did not cause a detriment to the value of the property, and did not violate any health and safety regulations.
In September 2002, Ross rescinded the contract and demanded the return of his deposit due to Rellinger’s and Schumacher’s failure to provide the requested documentation. However, Schumacher refused to return the deposit. On February 20, 2003, Ross filed a complaint against Schu-macher and Rellinger for declaratory relief, negligent misrepresentation, malpractice, breach of contract, intentional fraud in the inducement, and rescission. On April 21, 2003, Rellinger filed a cross-claim against Schumacher for breach of contract, *195 unauthorized practice of law, and breach of fiduciary duty. Schumacher refunded all but $7,950, which it retained as its commission. On May 20, 2003, Schumacher filed an amended counter-claim against Ross and a cross-claim against Rellinger for breach of contract and misrepresentation.
The trial court ordered Schumacher to return the retained deposit to Ross. However, with respect to Rellinger’s claims against Schumacher, the trial court granted Rellinger’s motion for judgment on the pleadings. It found that Schumacher “was not a party to the Purchase and Sale contract and; accordingly, was also not a party to the attorney’s fees provision in that agreement.” The court also stated that Schumacher’s “claims based upon the Purchase and Sale Contract between Fred A. Ross, Jr. (as Purchaser) and Lawrence Rellinger (as Seller) are denied.”
On July 30, 2004, the court entered a final judgment finding that, although the absence of a written agreement between Schumacher and Rellinger left the court guessing as to its terms, the oral agreement, at its most basic, provided that Rel-linger would pay a commission if Schu-macher brought a credible buyer. The court also found that the obstacle to the closing on the Purchase and Sale Contract was caused by Rellinger’s failure to cure the title defects, and that Schumacher could not have removed that obstacle because it was Rellinger’s responsibility to obtain the permits. Finally, the trial court reaffirmed that Schumacher was not entitled to attorney’s fees because the fee provision at issue was part of the Purchase and Sale Contract between Rellinger and Ross, to which Schumacher was not a party. The court entered judgment of $7,950 in favor of Schumacher, which represented a three percent (3%) commission.
We consider whether the trial court erred in not awarding attorney’s fees to Schumacher. The relevant provision of the Purchase and Sale Contract provides as follows:
T. ATTORNEY FEES AND COSTS: In connection with any litigation arising out of this Contract, the prevailing party, whether Buyer, Seller, or Broker, shall be entitled to recover all costs incurred, including reasonable attorney’s fees for services rendered in connection with such litigation, including appellate proceedings and post judgment proceedings.
Schumacher argues that the attorney’s fees provision included the broker and that the broker was also named in and signed the “Acceptance of Contract and Professional Service Fee” provision (“commission provision”) as a party to the contract. He also contends that he was the prevailing party because the final judgment was entered in his favor.
We hold that the attorney’s fees provision unambiguously includes the broker within the provision’s obligations and benefits. See Sanchez v. Braun & May Realty, Inc., 795 So.2d 1006, 1008 (Fla. 4th DCA 2001); Pacific Preferred Props., Inc. v. Moss, 71 Cal.App.4th 1456, 84 Cal.Rptr.2d 500 (1999). In Sanchez, the Fourth District considered a similar attorney’s fees provision and noted that it applied to an action between the seller and the broker, but not to an action between the buyer and the broker. Sanchez, 795 So.2d at 1008. In Pacific, the court distinguished the attorney’s fees provision in that case with a more general prevailing party attorney’s fees provision, holding that the former clearly applied to the broker while the latter did not.[1] Pacific, 84 Cal.Rptr.2d at 504.
*196 In the instant case, since the broker was included in the attorney’s fees clause and the broker, buyer, and seller all signed the commission provision of the contract, there can be no claim that “the prevailing party” clause is not intended to apply to the broker. See id. As such, we hold that the attorney’s fees provision applies for or against the broker, depending upon who prevails. We note that this case is entirely distinguishable from a case where a broker seeks attorney’s fees under a general prevailing party attorney’s fees clause in a contract for the purchase and sale of real estate. See, e.g., Baldona v. Sec. Realty Inv., Inc., 581 So.2d 189 (Fla. 3d DCA 1991).
Accordingly, the trial court erred in determining that Schumacher was not entitled to attorney’s fees as the prevailing party. The order granting Rellinger’s motion for judgment on the pleadings and denying Schumacher’s attorney’s fees is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
Reversed and Remanded.

. The court found that a broker was not a party to an attorney’s fee provision where the *196 provision generally stated that "the prevailing party shall be entitled to reasonable attorney’s fees and costs,” especially because the broker’s signature did not follow that portion of the contract.