581 So.2d 189 (1991)
Margaret BALDORIA, Appellant,
v.
SECURITY REALTY INVESTMENT, INC., and Irving L. Feinzig and Diane Feinzig, His Wife, Appellees.
No. 90-2116.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Rehearing Denied July 18, 1991.
*190 Burton Ginsberg and Daniel L. Ginsberg, North Miami Beach, for appellant.
Pesetsky & Zack and Walter S. Pesetsky, North Miami Beach, David R. Elder and Michael J. Kurzman, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.

ON REHEARING GRANTED
PER CURIAM.
We grant the motion for rehearing submitted by appellees Irving and Diane Feinzig, withdraw our previous opinion, and substitute the following:
Margaret Baldoria, the buyer under a contract for purchase and sale of real estate, appeals the trial court's order denying her an award of attorney's fees after litigation involving a real estate contract. We affirm.
Buyer entered into a contract for purchase of a condominium unit from appellees Irving and Diane Feinzig. In so doing, buyer engaged appellee Security Realty Investment, Inc., as her real estate broker. Buyer gave a $10,000 deposit which Security held as escrow agent under the contract. Prior to closing, buyer learned that contrary to Security's representations, the condominium was subject to a recreation lease, and that the parking available for the unit was less than had been represented. Buyer demanded return of her deposit from *191 Security. Acting on instructions from sellers, Security (as escrow agent) refused to return the deposit.
Buyer sued sellers and Security for return of the deposit. Buyer alleged that she had been induced to enter the contract by negligent misrepresentations of Security. As a result, buyer sought rescission of the contract and return of her deposit. Sellers counterclaimed, asserting the right to retain the $10,000 as liquidated damages under the contract for purchase and sale. Security also counterclaimed, relying on a segment of the contract which provided that in the event the sellers were entitled to retain the deposit as liquidated damages, the real estate commission could be deducted therefrom.
At trial, the jury found that Security had made negligent misrepresentations to the buyer. The court entered judgment against Security in the amount of $10,000. Neither buyer nor seller recovered judgment against the other. No appeal was taken with respect to the final judgment. The court reserved jurisdiction to award attorney's fees and costs.
After trial, buyer moved for an award of attorney's fees and costs against sellers and Security, relying on the provisions of the contract for purchase and sale. The trial court denied the motion, and buyer has appealed.
We first conclude that the trial court correctly denied any award of attorney's fees in the litigation against the sellers. The parties to the transaction utilized the Florida Bar's standard form contract for purchase and sale of real estate. It provides that "[i]n any litigation arising out of Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs." Here, neither buyer nor seller recovered against the other. As there was no prevailing party as between the parties to the contract, the trial court correctly denied attorney's fees.
We also affirm the trial court's denial of an award of attorney's fees against Security. Security was not a buyer or seller under the contract, and thus was not a party to the "prevailing party" attorney's fees clause quoted above. The contract for purchase and sale also contains two subsidiary agreements  an escrow agreement and a broker's fee agreement. The escrow clause[1] is inapplicable because Security breached no duty as escrow agent. Under the escrow clause, there is no basis for an award.
The contract also has an optional "broker's fee" clause, but that is a separate agreement between the real estate broker(s) and the seller with respect to the broker's commission. The buyer is not a signatory. While the broker's fee clause provides attorney's fees to the prevailing party in litigation,[2] the buyer is not a party *192 to that agreement and is not entitled to attorney's fees thereunder. The fact that Security erroneously sought attorney's fees from buyer as part of Security's counterclaim does not change the analysis; neither Security nor buyer could obtain attorney's fees from the other under the broker's fee clause.
Finally, contrary to buyer's assertions, we see no basis on which to impute the misrepresentations of Security (the buyer's broker) to seller. Security was the agent of the buyer, not the seller. The fact that Security would share the real estate commission with the seller's broker does not make Security the seller's agent.
Affirmed.
NOTES
[1] ESCROW: Any escrow agent ("Agent") receiving funds or equivalent is authorized and agrees by acceptance thereof to deposit promptly and to hold same in escrow and, subject to clearance, to disburse same in accordance with terms and conditions of Contract. Failure of clearance of funds shall not excuse performance by Buyer. In the event of doubt as to Agent's duties or liabilities under the provisions of this Contract, Agent may, in Agent's sole discretion, continue to hold the subject matter of this escrow until the parties mutually agree to the disbursement thereof, or until a judgment of a court of competent jurisdiction shall determine the rights of the parties thereto, or Agent may deposit same with the clerk of the circuit court having jurisdiction of the dispute, and upon notifying all parties concerned of such action, all liability on the part of Agent shall fully terminate, except to the extent of accounting for any items theretofore delivered out of escrow. If a licensed real estate broker, Agent will comply with provisions of Chapter 475, F.S. (1983), as amended. In the event of any suit between Buyer and Seller wherein Agent is made a party by virtue of acting as Agent hereunder, or in the event of any suit wherein Agent interpleads the subject matter of this escrow, Agent shall be entitled to recover reasonable attorney's fees and costs incurred, said fees and costs to be charged and assessed as court costs in favor of the prevailing party. All parties agree that Agent shall not be liable to any party or person whomsoever for misdelivery to Buyer or Seller of items subject to this escrow, unless such misdelivery shall be due to willful breach of this Contract or gross negligence on the part of Agent.
[2] The broker's fee clause provides, in part, "[i]n any litigation arising out of this Contract, concerning the Broker's fee, the prevailing party shall be entitled to recover reasonable attorney fees and costs."