596 So.2d 133 (1992)
BIRD LAKES DEVELOPMENT CORP., Appellant,
v.
Stephen L. RASKIN, Appellee.
No. 91-535.
District Court of Appeal of Florida, Third District.
March 17, 1992.
*134 Holland & Knight and Amy D. Ronner and Daniel S. Pearson, Miami, for appellant.
Stephen L. Raskin and Kathleen M. Weber, Miami, for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the third-party plaintiff Bird Lakes Development Corporation [Bird Lakes] from a final judgment awarding attorney's fees to the third-party defendant Stephen L. Raskin. We affirm.
Bird Lakes, as seller, entered into a contract to sell thirty-five acres of undeveloped land to Homero Meruelo, as buyer. Raskin served as the escrow agent in this transaction and in that capacity received and deposited in escrow the buyer Meruelo's initial deposit of $50,000; Raskin also represented Meruelo as an attorney in this transaction. Subsequently, the parties had a falling out and Meruelo sued Bird Lakes for fraud and breach of contract. Bird Lakes, in turn, sued Raskin in a third-party complaint claiming that Raskin had breached his contractual and fiduciary obligations as escrow agent by failing to deposit into escrow the sum of $197,000 as an "additional deposit". Bird Lakes later voluntarily dismissed this third-party claim, and the trial court awarded Raskin attorney's fees for defending this action.
We agree with Bird Lakes that Raskin was not entitled to attorney's fees under a provision in the contract providing "[i]n connection with any litigation including appellate proceedings arising out of this [c]ontract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs." (R.135). This is so because Raskin was not a buyer or seller under the contract, and was therefore not a party to the above-stated attorney's fee clause; indeed, this result is compelled by our recent decision in Baldoria v. Security Realty Investment, Inc., 581 So.2d 189 (Fla. 3d DCA 1991), based on virtually identical facts.
Nonetheless we agree with Raskin that, as escrow agent, he was entitled to an award of reasonable attorney's fees under the escrow clause of the contract which provides: "In the event of any suit between [b]uyer and [s]eller wherein the escrow agent is made a party by virtue of acting as such escrow agent hereunder ..., the escrow agent shall be entitled to recover a reasonable attorney's fee and costs incurred, said fees and costs to be charged and assessed as court costs in favor of the prevailing party." Contrary to Bird Lakes' argument, (1) Raskin was clearly sued below for his actions as escrow agent in allegedly failing to deposit into escrow a certain sum of money, and (2) Raskin was the "prevailing party" under the contract in this third-party action. Because the trial court may be upheld for any reason appearing in the record and the attorney's fee award to Raskin is clearly sustainable under the escrow clause of the contract,[1]see *135 Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979); Cohen v. Mohawk, Inc., 137 So.2d 222, 225 (Fla. 1962), the order under review is, in all respects,
Affirmed.
NOTES
[1] It should be noted that the issue of whether the escrow agent attorney's fee clause is applicable herein has been fully briefed on appeal. In this connection, Bird Lakes makes no contention that the subject clause is unenforceable as lacking in mutuality in that the party suing the escrow agent would arguably not be entitled to attorney's fees even if he were the prevailing party. To the contrary, mutuality is read into such a contractual clause as to contracts entered into after October 1, 1988, § 57.105(2), Fla. Stat. (1989); as to a contract, as here, entered into prior to October 1, 1988, a unilateral attorney's fee clause is plainly valid and, indeed, mutuality may not be read into such a clause. Petrulli v. Castellano, 412 So.2d 432 (Fla. 4th DCA 1982).

Of course, if, unlike this case, the escrow agent had been sued solely as a stakeholder with no allegations of wrongdoing, the escrow agent would automatically be entitled to attorney's fees under another provision of the contract and could not be required to pay attorney's fees under the escrow agent attorney's fee clause.