PER CURIAM.
This is an appeal from a final judgment which awarded costs pursuant to rule 1.420, Florida Rules of Civil Procedure, and an attorney’s fee pursuant to section 57.105(1), Florida Statutes (1993). We affirm the costs, but reverse the award of attorney’s fees.
The costs issue requires no discussion, in our view, other than to say that appellant’s argument that the trial court was without authority to assess such is without merit.[1] As for the attorney’s fees award, we are compelled to reverse because the record does not reflect the statutory requirement of a complete absence of justiciable issues in that the trial court granted leave to appellant to file a second amended complaint when it dismissed the amended complaint. When appellant then took a voluntary dismissal, the absence of justiciable issues had not been resolved.
The failure of appellant to state a cause of action in its amended complaint is not sufficient, in and of itself, to support a finding that the claim was so lacking in merit as to justify an award of attorney’s fees under section 57.105(1). Strothman v. Henderson Mental Health Ctr., Inc., 425 So.2d 1185 (Fla. 4th DCA 1983). Also, a party is not liable for attorney’s fees under the statute simply because it took a voluntary dismissal. Executive Ctrs. of Am., Inc. v. Durability Seating & Interiors, Inc., 402 So.2d 24 (Fla. 3d DCA 1981). The law is clear that attorney’s fees can be awarded pursuant to section 57.105(1) only where there is a complete absence of a justiciable issue. See, e.g., Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982), receded from in part on other grounds, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Stump v. Foresi, 486 So.2d 62 (Fla. 4th DCA 1986). There is no authority for holding that filing a claim in an inappropriate forum can result in a finding that the claim is void of any justiciable issues such that an award of attorney’s fees is permitted pursuant to section 57.105(1).
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.

. Florida Rule of Civil Procedure 1.420(d) states that costs "shall be assessed and judgment for costs entered” in an action which is voluntarily dismissed by a plaintiff under the rule. Further, appellant’s argument that the trial court was without authority to award attorney’s fees is equally without merit since attorney's fees pursuant to section 57.105 are taxable after a voluntary dismissal. Merrill Enters., Inc. v. Barkett Oil Co. of Fla., 421 So.2d 770 (Fla. 4th DCA 1982).