717 So.2d 1090 (1998)
Tagge FRANZEN, Irving Weiner and Charlotte Weiner, Appellants,
v.
LACUNA GOLF LIMITED PARTNERSHIP, a Florida limited partnership, Senior Tour Players, Inc., individually and as general partner of Lacuna Golf Limited Partnership, Doug Ford Golf Shops, Inc., individually and as partner of Lacuna Golf Limited Partnership, Douglas M. Ford, Sr., and Stanton V. Abrams, Appellees.
No. 96-3335.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
Rehearing and Clarification Denied October 15, 1998.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Edwin Carney, Glendale, California, for appellants.
Randy D. Ellison, West Palm Beach, Steven B. Phillips of Dickstein, Richardson & Reynolds, P.A., West Palm Beach, and Patrick Flanagan of Flanagan & Maniotis, P.A., West Palm Beach for Appellees-Lacuna Golf Club Limited Partnership, Doug Ford Golf Shops, Inc., and Douglas M. Ford, Sr..
*1091 Roy W. Jordan, Jr. of Roy W. Jordan, Jr., P.A., West Palm Beach, for Appellees-Senior Tour Players, Inc., and Stanton V. Abrams.
PER CURIAM.
Tagge Franzen and Irving and Charlotte Weiner ("appellants") sued Lacuna Golf Club, Inc., Lacuna Golf Limited Partnership, Senior Tour Players, Inc., Doug Ford Golf Shops, Inc., Douglas M. Ford, Sr. and Stanton V. Abrams ("appellees") for damages. Appellees prevailed at trial, and the court awarded them $680,343.94 in attorney's fees, prejudgment interest and costs. Appellants contest the trial court's determination of entitlement to attorney's fees, and the amounts awarded for attorney's fees and costs. We reverse the trial court's award of attorney's fees to Senior Tour Players, Inc., Doug Ford Golf Shops, Inc., Doug Ford, Sr. and Stanton Abrams. We affirm the determination of entitlement to attorney's fees in favor of Lacuna Golf Limited Partnership, but reverse the amount of the attorney's fees award. We affirm the award of costs to each of the appellees, but reverse as to the amounts awarded.
Fairfield Communities, Inc. developed Lacuna Country Club in conjunction with a residential community and sold equity golf memberships to people who purchased homes in the community. Fairfield Communities, Inc. retained ownership of the unsold equity memberships, and Lacuna Golf Club, Inc., a wholly owned subsidiary of Fairfield Communities, Inc., owned the country club facilities. The country club operated as a semi-private club with its equity members receiving preferential reservations and other benefits. It was to become completely private when three hundred equity memberships were sold.
Lacuna Golf Club, Inc. conveyed its interest in the club's facilities to Lacuna Golf Limited Partnership, and was subsequently dissolved. Lacuna Golf Limited Partnership has two general partners, Doug Ford Golf Shops, Inc. and Senior Tour Players, Inc. Doug Ford, Sr. and Stanton Abrams were the officers and directors of Doug Ford Golf Shops, Inc. and Senior Tour Players, Inc. After Fairfield Communities, Inc. sold eighty-four equity memberships, Doug Ford, Sr. and Stanton Abrams, along with other unknown investors, purchased its interest in the remaining equity memberships.
In 1993, appellants and sixty-four other plaintiffs sued appellees. They alleged that appellees persuaded the owners of the country club's equity memberships to exchange their memberships for charter memberships and enter into a Golf Membership Agreement ("Agreement"). The Agreement explained the rights of the charter members and provided that Lacuna Golf Club, Inc. would record a Declaration of Golf Membership Agreement ("Declaration") within ten days of the execution of the Agreement. Appellants signed the Agreement, which referred to and attached the form of the Declaration. The Declaration contained a prevailing party attorney's fees provision.
The sixty-seven plaintiffs claimed that the golf club deteriorated and the new owners engaged in behavior discouraging the charter members from using the country club's facilities. The plaintiffs all had similar claims against appellees and wanted to join their claims and proceed as a group, but not as a class action. Appellees filed a motion to sever the claims, which the trial court denied. Nevertheless, the Honorable Walter Colbath concluded that a trial involving all of the plaintiffs was not feasible, and ordered that the case proceed to trial with four plaintiffs, two chosen from a list proposed by the plaintiffs and two selected from a list proposed by appellees. The plaintiffs chose Dorothy and George Spencer and Joan and James Clarkson, and appellees selected appellants, Tagge Franzen and Irving and Charlotte Weiner. The Spencers and Clarksons prevailed at trial and received compensatory and punitive damage awards. The jury found against Tagge Franzen, Irving Weiner and Charlotte Weiner on their claims for damages.
Judge Colbath granted appellees' motions for attorney's fees and determined that they were entitled to fees from appellants. His order does not disclose the basis for entitlement to attorney's fees. Thereafter, the case was transferred to the Honorable James Carlisle to determine the amount of appellees' attorney's fees. The court heard expert testimony regarding the reasonable number of hours expended by each attorney, the *1092 reasonable hourly rate of each attorney, the method used to calculate the contingent and non-contingent fees, and the reasoning for using a contingency risk multiplier of 2.5. The expert also testified that it would be impossible to separate fees allocated among the parties because all of the work was required for each of the claims. However, he later acknowledged that he did not attempt to separate the work required for the appellants' case from that required for the other plaintiffs' lawsuits.
The trial court awarded Lacuna Golf Limited Partnership, Doug Ford Golf Shops, Inc. and Doug Ford, Sr. attorney's fees and costs. The trial court apportioned the fees attributable to each attorney and calculated noncontingent fees of $126,960.00 and a lodestar of $123,195.00; the court applied a contingency risk multiplier of 2.5 to the lodestar and awarded Lacuna Golf Limited Partnership, Doug Ford Golf Shops, Inc. and Doug Ford, Sr. a total of $438,372.50 in attorney's fees, $33,748.67 in prejudgment interest and $47,739.33 in costs, for a total of $519,860.50. The trial court also awarded Senior Tour Players, Inc. and Stanton Abrams $138,410.00 in attorney's fees, $19,529.80 in prejudgment interest and $2,543.64 in costs, for a total of $160,483.44. Senior Tour Players, Inc. and Stanton Abrams did not request a contingency fee multiplier.
Appellants contend that appellees were not entitled to attorney's fees and costs. Appellants also contend that the trial court erred in applying a contingency fee multiplier to the fees awarded to Lacuna Golf Limited Partnership, Doug Ford Golf Shops, Inc. and Doug Ford, Sr., and in failing to limit the award of attorney's fees and costs to those attributable to the defense of the appellants' claims. Lacuna Golf Limited Partnership concedes that the trial court erred in applying a contingency fee multiplier to its award of attorney's fees.
First, appellants correctly argue that appellees are not entitled to attorney's fees pursuant to sections 57.105 and 768.79, Florida Statutes (1995). Appellees made no argument in support of statutory fees, and the record does not contain a basis for such an award of attorney's fees. Appellees' claim attorney's fees pursuant to the prevailing party's attorney's fee provision contained in the Declaration.
Appellants cite Kantner v. Boutin, 624 So.2d 779 (Fla. 4th DCA 1993), in support of their argument that they are not bound by the Declaration because the Agreement does not state that it is subject to the Declaration. In Kantner, this court concluded that the doctrine of incorporation by reference "requires that there must be some expression in the incorporating document ... of an intention to be bound by the collateral document." Id. at 781. Appellees argue that OBS Co., Inc. v. Pace Constr. Corp., 558 So.2d 404 (Fla.1990), is dispositive on this issue. In OBS, the Florida Supreme Court held that "where a writing expressly refers to and sufficiently describes another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing." 558 So.2d at 406.
This case is distinguishable from Kantner because the agreement in Kantner made only a vague reference to the collateral agreement and did not attach the agreement as an exhibit. 624 So.2d at 781. There is no dispute that the Agreement specifically refers to and attaches the form of the Declaration as an exhibit, and during their deposition testimony, appellants admitted that they agreed to and intended to be bound by the terms of the Declaration. We therefore hold that appellants are bound by the attorney's fees provision contained in the Declaration.
However, not all of the appellees are parties to the Agreement. Lacuna Golf Limited Partnership, as successor to Lacuna Golf Club, Inc., is the only appellee who is a party to the Agreement and the Declaration. Senior Tour Players, Inc. and Doug Ford Golf Shops, Inc. were not signatories or parties to the Agreement or the Declaration. Therefore, they are not entitled to attorney's fees under the Declaration's prevailing party provision. See Bird Lakes Dev. Corp. v. Raskin, 596 So.2d 133, 134 (Fla. 3d DCA 1992); Baldoria v. Security Realty Inv., Inc., 581 So.2d 189, 191 (Fla. 3d DCA), rev. denied, 592 So.2d 679 (Fla.1991). Likewise, the individual appellees are not entitled to fees under the contract because they were not parties to the Agreement and were not sued under the contract. See Bird Lakes, 596 So.2d at 134; *1093 Baldoria, 581 So.2d at 191. Therefore, we reverse the attorney's fees awards in favor of Senior Tour Players, Inc., Doug Ford Golf Shops, Inc., Doug Ford, Sr. and Stanton Abrams.
Next, appellants contend that the trial court erred in failing to apportion the attorney's fees. We agree. "In seeking attorney's fees for services in litigation where the prevailing party may be entitled to fees for services regarding some of the issues but not for others, the burden of proving entitlement to fees is upon the party claiming them." Salisbury v. Spielvogel, 451 So.2d 974, 975 (Fla. 4th DCA 1984). The trial court must assess each claim individually, see Fairways Royale Ass'n, Inc. v. Hasam Realty Corp., 428 So.2d 288, 290 (Fla. 4th DCA 1983), and "`determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.'" State Farm Fire & Cas. Co. v. Becraft, 501 So.2d 1316, 1318 (Fla. 4th DCA 1986) (quoting Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985)).
Appellees correctly argue that the trial court is not required to apportion attorney's fees where work for one claim cannot be distinguished from work on other claims. State Farm holds that "where the bulk of the work involved was intertwined ... so as to make it difficult to separate the time spent [on different issues], the allowance of fees for the entire service furnished is not error." 501 So.2d at 1319. This case is distinguishable from State Farm because State Farm did not involve multiple parties with separate and distinct claims for damages.
Appellees' expert apparently did not make an effort to determine whether all of the work was necessary to defend against the appellants' claims. The evidence presented at the hearing shows that fees were assessed for proceedings that did not involve appellants, but concerned only the claims of the other sixty-four plaintiffs; for example, a motion and proceedings for a temporary injunction, motions for summary judgment, a motion for voluntary dismissal and the related fees proceedings, and numerous depositions involving plaintiffs and witnesses. The fees and costs generated as a result of such proceedings should not have been assessed against appellants. We recognize that there may be some attorney's fees that were incurred in the common defense of all the claims, including appellants'. A proportionate amount of these fees may be attributed to the defense of appellants' claims.
The trial court's failure to apportion the award of attorney's fees erroneously requires appellants to pay for the attorney's fees incurred by appellees in their unsuccessful defense of the Spencers' and the Clarksons' claims. Furthermore, the practical effect of the attorney's fees award is to make appellants responsible for the defense of sixtyseven claims because they were selected by appellees as two of the four initial claims to be tried. The trial court erred when it failed to limit attorney's fees to those incurred in the defense of appellants' claims.
Finally, appellants correctly contend that the trial court erred in awarding costs that were not allowed pursuant to the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions. The trial court awarded appellees costs associated with expert fees, court reporting fees, telephone charges and copying costs that were not recoverable under the guidelines. Moreover, no attempt was made to apportion the costs required for defending against appellants' case, as opposed to those necessary for defending the cases brought by the Spencers, Clarksons or any of the remaining plaintiffs. Therefore, we reverse the trial court's costs awards and remand for the trial court to consider the Statewide Uniform Guidelines for the Taxation of Costs in Civil Actions in determining whether each item of costs is taxable, and also to apportion the costs and award those costs attributable to appellees' defense of appellants' claims.
Accordingly, we reverse the trial court's award of attorney's fees in favor of Senior Tour Players, Inc., Doug Ford Golf Shops, Inc., Doug Ford, Sr. and Stanton Abrams. We affirm the trial court's determination of entitlement to attorney's fees for Lacuna Golf Limited Partnership, but reverse the amount of attorney's fees awarded and remand this cause to determine and award, without application of a multiplier, those attorney's fees expended by Lacuna Golf Limited Partnership that are attributable to the *1094 defense of appellants' claim. We affirm the award of costs to all appellees. We reverse the amount of costs awarded to each appellee and remand for reconsideration of an award of costs for expenses attributable to the defense of appellants' claims.
AFFIRMED IN PART, REVERSED IN PART and REMANDED WITH DIRECTIONS.
DELL, POLEN and STEVENSON, JJ., concur.
NOTE: DELL, J., did not participate in oral argument but has reviewed the presentation made at that proceeding.