WARNER, C.J.
Appellant, Alan Froman, sued appellees Rowena Kirland, her husband, Robert Kir-land, and their corporation, Autohaus, over an alleged partnership agreement from which Froman was excluded. Froman eventually voluntarily dismissed Rowena when faced with her motion for summary judgment. The trial court awarded her attorney’s fees and costs under sections 57.105 and 772.11, Florida Statutes (1995). Appellant challenges the award, both as to entitlement and amount. We affirm the trial court’s ruling as to entitlement but reverse and remand for the trial court to separate from the amount of fees awarded to Rowena those fees incurred in defending Robert Kirland and the corporation.
Froman filed suit against all three parties alleging breach of contract, specific performance, unjust enrichment, constructive trust, civil theft, shareholder’s equitable relief, interference with an advantageous business relationship, and tortious interference with a contract. In the complaint, the only allegation against Rowena was an indirect reference that the corporation was controlled by the Kirlands. All of the defendants moved to dismiss, and after two subsequent amended complaints and motions to dismiss, Rowena moved for summary judgment claiming that she owned no part of the corporation. At that point Froman dismissed her as a party. She then filed a motion for attorney’s fees pursuant to section 57.105. A motion to dismiss and strike the count for civil theft was also granted by stipulation, and all of the defendants moved for fees pursuant to section 772.11.
The remaining case continued for several more years against Robert and the corporation until the entire case was dismissed. All of the defendants, including Rowena, again moved for an award of fees under section 772.11. After a full hearing on both entitlement and fees, the trial court found that only Rowena was entitled to attorney’s fees because there was a lack of a justiciable issue as to her. In addition, the court ascertained that she was also entitled to fees under section 772.11. Finally, the trial court determined that all of the defendants were entitled to costs.
As to the amount of fees, Rowena’s expert testified that because the claims in the complaint were common to all of the defendants, including Rowena, every pleading filed until she was dismissed was also filed in her name. Thus, he opined that she was entitled to recover all of the fees billed by the attorneys to all of the defendants up until the time she was dismissed from the case. Appellant’s expert disagreed and testified that the attorneys should be entitled to a fee of only $3,200. That amount was based on giving one-third credit for time spent reviewing the complaint and investigating the case. In addition, he found that most of the work done on the case was really performed for the benefit of Autohaus and Robert, the major parties in the litigation. The trial court agreed with Rowena’s expert and awarded her $142,408, including $10,408 in costs. Froman appeals from that order.
*1122 We affirm the trial court’s finding that Rowena was entitled to fees pursuant to the statute, as we agree that there was no justiciable issue of law or fact to support any claim against her when the complaint was filed. Although Froman filed a voluntary dismissal, attorney’s fees under section 57.105 may still be awarded. See Westwood Community Two Ass’n, Inc. v. Lewis, 662 So.2d 1011, 1012 (Fla. 4th DCA 1995); Kirby v. Adkins, 582 So.2d 1209, 1210 (Fla. 5th DCA 1991).
Froman asserts that the trial court erred in awarding Rowena fees totaling the entire amount expended in defending all of the defendants up until the time she was dismissed from the ease, despite a court order denying the other defendants’ motions for fees on this basis. In this case, all three defendants were represented by one law firm. Rowena argues that because she was named in all of the counts, and her name appeared on all of the pleadings, she is entitled to all of the fees expended for all of the defendants. She analogizes her case to State Farm Fire & Casualty Co. v. Becraft, 501 So.2d 1316, 1319 (Fla. 4th DCA 1986), which held that a plaintiff is entitled to an allowance for fees for the entire case where, although the party prevailed on only some counts, the “bulk of the work involved was intertwined ... so as to make it difficult to separate the time spent [on each individual count].” See also Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), modified on other grounds by Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). However, Be-craft did not involve a fee awarded to one defendant in a case which involved multiple defendants all of whom were represented by a single law firm.
We think this case is controlled by Franzen v. Lacuna Golf Ltd. Partnership, 717 So.2d 1090 (Fla. 4th DCA 1998), in which a trial was held with four plaintiffs, but only two of whom prevailed. When the defense requested fees against the losing plaintiffs, they argued that it was impossible to separate fees incurred in defending against the prevailing plaintiffs and the non-prevailing plaintiffs at trial, because all work was required for each of the claims. This court reversed, noting that the failure to apportion the award of fees would require the appellants to pay the fees incurred by the appellees in their unsuccessful defense of the prevailing plaintiffs’ claims. See id. at 1093.
Similarly, in the instant case, Froman sued three defendants. The court found that only Rowena was entitled to attorney’s fees because she never owned any part of the stock of the corporation and took no part in any of the business dealings. As to the other defendants, the trial court found that justiciable issues were raised as to the substantive nature of the claims. The fees incurred consisted mainly of the defense of those substantive claims. To award Rowena fees for defending those claims would require Froman to pay for the other defendants’ fees on claims which the trial court found were not frivolous. Under Franzen’s rationale, this should not be permitted.
Nevertheless, some fees were incurred in Rowena’s defense, earning her dismissal from the suit. We therefore reverse and remand to the trial court to award to Rowena Kirland those fees which can be attributed solely to her defense.
We affirm the other issues raised. As to the issue regarding costs, we conclude that we do not have jurisdiction to entertain the appeal. See Velickovich v. Ricci, 391 So.2d 258, 259 (Fla. 4th DCA 1980).
STEVENSON, J., and KREEGER, JUDITH L., Associate Judge, concur.