941 So.2d 415 (2006)
John FABING, Personal Representative of the Estate of Lillian Mae Koch, deceased, Appellant,
v.
Sandra Mae EATON, formerly Sandra Mae Koch, Appellee.
No. 2D05-4465.
District Court of Appeal of Florida, Second District.
September 29, 2006.
Rehearing Denied November 29, 2006.
*416 Robert P. Henderson of Simpson, Henderson, Carta & Randolph, Fort Myers, for Appellant.
V. James Haggart, Cape Coral, for Appellee.
STRINGER, Judge.
John Fabing, as the personal representative of the Estate of Lillian Koch, appeals from the final judgment entered after a bench trial in this case which pitted a daughter, Sandra Eaton, against her mother, Lillian Koch. He also appeals the denial of his motion for attorney's fees. Because the trial court's findings in the final judgment are supported by competent, substantial evidence in the record, we affirm the final judgment without further comment. However, because the trial court applied the incorrect law in denying Fabing's motion for attorney's fees arising out of a failed mediation agreement, we reverse and remand for further proceedings on that single issue.
The proceedings in the trial court were protracted and bitter. However, before the initial trial date, the parties mediated the case and reached a settlement. The resulting mediation agreement specified how the parties were to divide certain assets. It also provided that the parties' residence would be appraised by a specific appraiser and that the Estate would then purchase Eaton's interest in the residence *417 by paying her one-half of the fair market value as determined by the appraiser.
Shortly after the mediation agreement was reached, however, things went awry. The specified appraiser did not perform the appraisal but instead had an associate do so. In addition, the appraisal was prepared assuming that the residence was in "average condition," when, in fact, the residence was infested with mold and needed extensive repairs. When Fabing learned of these problems with the appraisal, he sought rescission or reformation of the mediation agreement. His motion alleged that "all the parties assumed" that the residence could be repaired and sold; however, subsequent information had come to light that contradicted that assumption. Eaton responded by alleging that Fabing was aware of the condition of the residence when he entered into the agreement and thus there was no mutual mistake as to its condition when the mediation agreement was entered. Fabing later filed a motion seeking to enforce other portions of the mediation agreement while continuing to argue that the portion concerning the residence should not be enforced. Eaton later filed a motion seeking her attorney's fees and arguing that Fabing had breached the agreement because he had not complied with its terms.
The trial court held hearings on the parties' various motions concerning the mediation agreement and ultimately found that the mediation agreement was unenforceable because the appraiser made improper assumptions that rendered the appraisal useless, thus frustrating the intent of the agreement. Fabing then moved for an award of attorney's fees pursuant to the prevailing party attorney's fee provision in the mediation agreement. In his motion, Fabing argued that Eaton had breached the mediation agreement and that he was the prevailing party on the issue of the enforceability of that agreement. At a subsequent hearing, the trial court specifically found that neither party breached the mediation agreement, but it made no findings as to whether either party was the "prevailing party." Instead, the court simply stated that fees were not available to either party because the mediation agreement was void. In this appeal, Fabing contends that he was entitled to an award of his attorney's fees arising out of the failed mediation agreement because he was the prevailing party in the proceedings relating to that agreement.
As an initial matter, we disagree with Eaton's contention that the issue of attorney's fees is not properly before this court because the trial court has never "taken evidence" on the issue. It is true that the trial court has never heard evidence concerning whether an award of attorney's fees is proper under the mediation agreement. However, the trial court entered an order clearly denying attorney's fees to both parties. That order reads, in part, "Said Mediation Agreement is void in its entirety, and no provision thereof may be enforced by either party against the other."
Generally, an order denying a motion for attorney's fees is a final, appealable order when that order ends the judicial labor as to that portion of the case. See, e.g., Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002); Scott v. Women's Med. Group, P.A., 837 So.2d 577, 577 (Fla. 1st DCA 2003). This is true unless it is clear from the order that the trial court did not intend to end the judicial labor as to that order. Scott, 837 So.2d at 577 (noting that the order denying attorney's fees was not final and appealable because it denied the motion without prejudice to the appellant revisiting the issue after a final judgment was entered).
*418 Here, the order denying Fabing's motion for attorney's fees pursuant to the failed mediation agreement is a final order that ends the judicial labor as to that issue. The trial court did not enter the order without prejudice, nor did the trial court hold that Fabing would be permitted to reargue the merits of the motion at some later point in time. Accordingly, the order denying attorney's fees is a final order subject to review at this time.
Turning to the merits, we note that the trial court applied the incorrect law when it determined that there could be no award of attorney's fees simply because the mediation agreement was void. In Katz v. Van Der Noord, 546 So.2d 1047 (Fla.1989), the supreme court held that there is a difference between contracts that never come into existence and contracts that exist but are later found to be unenforceable when determining whether an award of attorney's fees pursuant to a prevailing party attorney's fee provision is permissible. In doing so, the court stated:
We agree with Leitman [v. Boone, 439 So.2d 318 (Fla. 3d DCA 1983) ] that "[t]he distinction between no contract at all and one that is unenforceable makes all the difference. . . ." We hold that when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision contained therein even though the contract is rescinded or held to be unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist. It would be unjust to preclude the prevailing party to the dispute over the contract which led to its rescission from recovering the very attorney's fees which were contemplated by that contract.
Katz, 546 So.2d at 1049 (internal citations omitted). Thus, when a contract is unenforceable because no contract ever existed, a party is not entitled to an award of attorney's fees pursuant to that contract. Likewise, when a party seeks rescission of a contract based on a mutual mistake, the party seeking rescission is not entitled to an award of attorney's fees under the rescinded contract in the absence of some evidence of a breach of the contract by the nonprevailing party. Leo v. MacLeod, 752 So.2d 627, 628-29 (Fla. 2d DCA 1999). However, when an existing, enforceable contract containing a prevailing party attorney's fee provision is rescinded or rendered unenforceable by some subsequent act, the prevailing party may nevertheless be entitled to recover attorney's fees under the terms of the contract.
Here, the trial court held that Fabing was not entitled to an award of attorney's fees simply because the mediation agreement was unenforceable. This is an incorrect statement of the law. If the mediation agreement existed but was rendered unenforceable by the acts of a third party, the prevailing party may be entitled to attorney's fees pursuant to the attorney's fee provision of the agreement. If, however, there was a mutual mistake in the making of the agreement, then the attorney's fee provision cannot be enforced.
Because the trial court found that fees were not available because the contract was unenforceable, it never considered the issue of whether there was a mutual mistake in the formation of the agreement, as asserted by Fabing, or whether either party was a "prevailing party" in the dispute concerning the mediation agreement. Accordingly, we reverse and remand for the trial court to reconsider the issue of attorney's fees in light of the correct law.
*419 Affirmed in part; reversed in part; and remanded for further proceedings.
CASANUEVA and LaROSE, JJ., Concur.