GROSS, J.
S.A. Tarr appeals an order denying his motion to tax costs and attorney’s fees. We reverse because the trial court abused its discretion in failing to award attorney’s fees under a prevailing party provision in a contract.
On June 25, 2004, Tarr, as seller, and appellee, John Honea, as buyer, entered into a contract for the sale and purchase of real property. The contract provided that the property was to be sold “as is” and gave the buyer a 20 day inspection/due diligence period. At the end of the 20 day period, the buyer had the option of either terminating the contract or proceeding to closing.
*781 Paragraph R of the contract contained an attorney’s fee provision that provided in pertinent part:
In any litigation, including breach, enforcement or interpretation, arising out of this Contract, the prevailing party in such litigation, which, for the purposes of this Standard, shall include Seller, Buyer and any brokers ... shall be entitled to recover from the non-prevailing party reasonable attorney’s fees, costs and expenses.
On July 15, 2004, the buyer, in writing, requested an extension of the due diligence period. The buyer’s letter stated that if the seller would not grant an extension, he was exercising his right to terminate the contract. The seller did not agree to the requested extension, so the contract was terminated in accordance with the buyer’s July 15 notice.
On July 20, 2004, the buyer tried to take back his termination of the contract. He advised the seller that he would honor the original contract if the seller provided an environmental report sufficient to satisfy his lender. The original contract contained no condition addressing an environmental report. The seller rejected the buyer’s attempt to resurrect the contract and add new conditions.
On October 13, 2004, the buyer filed a lawsuit. At first he sought specific performance. However, in an amended complaint, the buyer dropped the specific performance claim and sued for damages, alleging that the seller breached the contract by failing to close.
After a non-jury trial, the circuit court found for the seller. The final judgment reserved jurisdiction to award costs and attorney’s fees to the seller “as the prevailing party in this action, pursuant to the Purchase and Sale Agreement between the parties.”
At a later hearing, the court denied the seller’s motion for fees and costs. The court reasoned that the buyer’s claim was “a contract claim that the court found did not exist.” The court explained that “once the contract terminated, there’s no basis for the fees.”
When parties enter into a contract and litigation later arises out of the contract, the prevailing party may recover attorney’s fees under a prevailing party attorney’s fee provision, even though the contract is rescinded or rendered unenforceable by some subsequent act. See Katz v. Van Der Noord, 546 So.2d 1047, 1049 (Fla.1989). This situation differs from a contract that never came into existence, which cannot form the basis for an award of attorney’s fees. See Fabing v. Eaton, 941 So.2d 415, 418 (Fla. 2d DCA 2006). In Katz, the supreme court held that for the purpose of determining whether an award of attorney’s fees is proper under a contract’s prevailing party fee provision, “there is a difference between contracts that never came into existence and contracts that exist but are later found to be unenforceable.” Fabing, 941 So.2d at 418.
Here, the parties entered into a contract. The contract at one time existed. The buyer exercised his option to terminate the contract within the due diligence period. After July 20, the parties could not agree on the terms that would revive the contract. The buyer’s lawsuit “arose out” of the original contract, so that the attorney’s fee provision applied. The seller was the prevailing party.
The buyer relies on Baldoria v. Security Realty Investment, Inc., 581 So.2d 189 (Fla. 3d DCA 1991), to argue that there was no prevailing party in this case, because no party recovered damages in the circuit court. Baldoria is distinguishable. There, buyers in a real estate transaction *782 recovered their deposit from the real estate agent; “[njeither buyer nor seller recovered judgment against the other” and no appeal was taken from the final judgment. Id. at 191. Here judgment was entered in favor of the seller, the defendant in the circuit court. For a defendant to be the prevailing party in litigation, it is not necessary that the defendant recover money damages. Our statement in Malagon v. Solari, 566 So.2d 352, 353 (Fla. 4th DCA 1990), that a plaintiff must recover “something” to be considered a prevailing party refers to plaintiffs and not defendants.
We reverse and remand to the trial court to award reasonable attorney’s fees and costs to the seller.
SHAHOOD and MAY, JJ., concur.