MAY, C.J.
The former wife appeals from an attorney’s fees award to the former husband. She provides seven reasons why we should reverse the order. We find merit in the first issue, in which she argues the trial court erred in awarding fees for the former husband’s Petition for Modification based on the prevailing party fee provision in the marital settlement agreement[1] (“MSA”). We agree and reverse.
The Final Judgment of Dissolution of Marriage incorporated the MSA, which contained the following provision:
ENFORCEMENT: If any subsequent proceedings to enforce any provisions of the Agreement are necessary, the prevailing party in any such proceeding will be entitled to reasonable attorney’s fees, costs and expenses from the losing party.
(Emphasis added).
The former wife filed a Verified Petition for Modification of Shared Parental Responsibility and Visitation. In response, the former husband filed a Verified Supplemental Petition for Modification of Residential Custody and Child Support, and requested attorney’s fees. During the pendency of the former husband’s modification action, the former wife filed several contempt and enforcement motions against him related to child support.
A General Magistrate bifurcated the issues, and proceeded solely on the former husband’s claim for downward modification of child support. The Magistrate granted the former husband’s request for modifieation of child support, but denied his reQuest for contribution to private school tuition and orthodontic work for the minor children.
The Magistrate found neither party entitled to attorney’s fees, suit monies, or costs excepting reasonable legal and accounting fees unnecessarily incurred by the former husband due to the former wife’s failure to comply with discovery. The Magistrate noted:
[ T]he huge amount of fees incurred on each side ... are staggering given the issues. The Former Husband’s fees have been paid throughout by his Father. ... [Tjhis litigation was not so much about child support but about the anger of the Former Husband’s Father toward his Former Daughter-in law about what he perceived to be her ill-timed decision to initiate civil contempt proceedings against his son ... after he had been diagnosed as suffering from cancer, with his future being unknown— Court’s perception is that the Former Husband’s Father opened the cash boxes and told [the attorney] to legally annihilate the Former Wife.
[[Image here]]
[ T]he Former Wife’s legal fees, although more modest, were incurred to support certain legal postures that were inappropriate thus perpetuating litigation out of control on a child support issue. However, that being stated there were instances when the Former Husband’s discovery efforts were frustrated, blocked and otherwise thwarted by the Former Wife and/or her Father by a failure to furnish discovery related to the Former Wife’s income and expenses.
*432 The Magistrate did not determine a prevailing party.
The former husband filed exceptions to the Magistrate’s report, arguing that the MSA provided for fees. The former wife responded and filed cross-exceptions and a Cross-Motion to Vacate the Magistrate’s report. The trial court denied the former wife’s Motion to Vacate and cross-exceptions, but granted the former husband’s exceptions in part. The trial court remanded the case to the Magistrate to include language from the MSA, determine the prevailing party, and award fees. The trial court requested the former husband’s counsel to draft an order.
Ultimately, the written order stated:
The Former Husband’s request for attorney’s fees and costs as the prevailing party is granted in that the pleadings before the Magistrate were limited to the Former Husband’s Petition for Modification and for the Former Wife’s Answer and Counter-Petition and Affirmative Defenses thereto. The Former Husband prevailed on all issues. The Former Wife did not prevail. The Court does not have discretion as to the awarding of attorney’s fees and costs as to the prevailing party. The party’s need and ability is not a requirement. Based upon the clear language of the [MSA], the Former Husband is entitled to his attorney’s fees and costs incurred as it pertains to his Petition for Modification of Child Support and related issues thereto.
When the Magistrate determines the attorney’s fees and costs that the Magistrate found to be taxable [with] regard to discovery issues (if the discovery issues are not intertwined with the prevailing party issues) the Magistrate shall make a separate finding on the reasonableness of attorney’s fees and costs for the discovery issues.
The Magistrate held an evidentiary hearing where the former husband requested $1,123,774.29 in fees. The Magistrate requested the former wife to review the former husband’s request and to advise of any objections. A few months later, the parties returned for the continuation of the fee hearing. The former wife objected to $508,000. The Magistrate found the former husband failed to meet his evidentiary burden to differentiate between the fees and costs for the child support modification and the discovery, and therefore denied the former husband fees and costs.
Both parties again filed exceptions. The trial court later entered an order awarding $587,287.14 in attorney’s fees and $68,411.40 in accountant fees to the former husband. The former wife appeals this order.
The former wife argues the trial court erred by awarding the former husband prevailing party attorney’s fees pursuant to the MSA because it only allowed for fees when a party brought an action to enforce the MSA; it did not apply where a party sought to modify the terms of the MSA. The former husband responds that he was entitled to fees under the MSA because his modification action was “inextricably intertwined” with the former wife’s attempts to enforce the MSA.
Because this appeal requires an interpretation of a contract — the MSA — we have de novo review. Reilly v. Reilly, 94 So.3d 693, 696 (Fla. 4th DCA 2012).
“It is well-settled that attorneys’ fees can derive only from either a statutory basis or an agreement between the parties.” Trytek v. Gale Indus., Inc., 3 So.3d 1194, 1198 (Fla.2009). “[Contractual provisions concerning attorney’s fees must be strictly construed.” Wendel v. Wendel, 852 So.2d 277, 282 (Fla. 2d DCA 2003).
*433 Reading the MSA by its plain language, attorney’s fees are to be awarded only when one party brings an action to enforce the terms of the MSA. Here, the husband did not seek to enforce the terms of the MSA, but rather to modify its terms. The trial court erred in awarding the former husband fees for his modification petition because it did not trigger the prevailing party fee provision of the MSA.
We find no merit in the former husband’s claim that his modification petition was “inextricably intertwined” with the former wife’s contempt proceedings. Issues are intertwined when “work for one claim cannot be distinguished from work on other claims.” Franzen v. Lacuna Golf Ltd. P’ship, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998). That is not the case here. We therefore reverse and remand the case to the trial court to vacate the attorney’s fees judgment.

Reversed and Remanded.

GERBER and LEVINE, JJ., concur.

. The agreement was titled "Separation, Child Custody, and Property Settlement Agreement.” We have shortened the title for ease in reading.