DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PLAZA LA MER, INC.** and **SOUTH SQUARE DEVELOPMENT, INC.,**
Appellants,

v.

**DELRAY PROPERTY INVESTMENTS, INC., SOSQ PROPERTY INVESTMENTS, INC., HATIM HASHWANI, HARRY HAHAMOVITCH, ROBERT GEISERMAN, HHH DEVELOPMENT GROUP, INC.,** and **HHH FINANCIAL CORPORATION, INC.,**
Appellees.

Nos. 4D16-2462, 4D18-1068, and 4D18-1099

[May 8, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 501995CA006336 AO.

Robert J. Hauser of Pankauski Hauser PLLC, West Palm Beach, and Robert A. Sweetapple of Sweetapple, Broeker & Varkas, P.L., Boca Raton, for appellants.

Stephen A. Mendelsohn of Greenberg Traurig, P.A., Boca Raton, and Elliot H. Scherker and Brigid F. Cech Samole of Greenberg Traurig, P.A., Miami, for appellees Delray Property Investments, Inc., and SOSQ Property Investments, Inc.

PER CURIAM.

In 2015, we described this case as the "oldest active case in Palm Beach County." *Hahamovitch v. Delray Prop. Invs., Inc.,* 165 So. 3d 676, 678 n.1 (Fla. 4th DCA 2015). The case returns but limited to the circuit court's final judgment awarding attorney's fees and costs to the appellees. We affirm.

After we affirmed the court's final judgment, the case returned to the circuit court and both appellants and appellees sought attorney's fees and costs. The court held a hearing and entered an Order on Joint Motions on the Parties' Post-Trial Motions for Attorney's Fees. The court determined (i) the appellees were the prevailing parties on certain issues; and (ii) the

appellants did not prevail on any claim that included an entitlement to attorney's fees.

The appellants appealed. After oral argument, we concluded the court's order was final for the appellants but non-final for the appellees. As a result, we relinquished jurisdiction to the circuit court to determine the amount of fees due to the appellees for those claims on which the court had determined them to be the prevailing party.

The circuit court held several hearings after we relinquished jurisdiction. At the start of one of those hearings, counsel for the appellants stipulated that the appellants were not challenging the time entries, the hourly rate, or number of hours billed by counsel for the appellees. And the appellees agreed that they were not seeking any fees incurred before February 2008. Finally, the parties also stipulated that the appellants were not contesting the amount of costs due to the appellees. The appellants' cost challenge was limited to the "allocation" of those costs.

Ultimately, the court issued a final judgment awarding the appellees $1,203,852.47 in attorney's fees and costs. Of that amount, the appellees were awarded $969,571.88 from Plaza La Mer and South Square Development, Inc. The remaining $234,280.59 was due solely from Plaza La Mer.

We review the circuit court's allocation of attorney's fees for an abuse of discretion. *Glantz & Glantz, P.A. v. Chinchilla*, 17 So. 3d 711, 713 (Fla. 4th DCA 2009) (citations omitted).

The appellants challenge the court's allocation of fees and costs and argue that the "entire litigation was actually two similar but mis-joined cases." The appellees disagree and argue that the "appellants have asserted throughout this litigation that their accounting/declaratory judgment claims were integrated and could not be placed into separate categories." On the facts here, we conclude the court did not abuse its discretion when it awarded the appellees $969,571.88 in fees and costs from Plaza La Mer and South Square Development, Inc., and $234,280.59 solely from Plaza La Mer.

Here, the appellants jointly prosecuted claims against the appellees. They shared counsel and legal arguments. Since this case was filed in 1995, the case has proceeded jointly. The case effectively proceeded as one plaintiff against one defendant. The appellants themselves jointly sought an award of attorney's fees, and the appellants sought to recover

2

the fees and costs "incurred in the defense and prosecution of this action." The appellants jointly requested an evidentiary hearing to prove the time their attorney expended and to establish their costs.

From the start, the appellants presented singular arguments and shared a legal strategy, witnesses, lawyers, motions, and briefs. This case did not involve distinct parties presenting separate and distinct claims for damages. This involved two parties acting as one, making it nearly impossible to apportion fees absent arbitrarily assigning each half the burden. *See Franzen v. Lacuna Golf Ltd. P'ship*, 717 So. 2d 1090, 1093 (Fla. 4th DCA 1998) ("[T]he trial court is not required to apportion attorney's fees where work for one claim cannot be distinguished from work on other claims.").

The circuit court's final judgment is affirmed in all respects.

*Affirmed.*

TAYLOR, MAY and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**