# Third District Court of Appeal

## State of Florida

Opinion filed August 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1166
Lower Tribunal No. 14-20464
_____

**Fred Viera, Esq.,**
Appellant,

vs.

**In Re: Aptito, LLC vs. Gene Zell, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Fred Viera, in proper person.

Law Offices of Anthony Accetta, P.A., and Anthony Accetta; Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for appellees Oleg Firer and Net Element, Inc.

Before LOGUE, SCALES and MILLER, JJ.

PER CURIAM.

We conclude that the trial court did not abuse its discretion in entering the challenged order awarding sanctions against appellant, attorney Fred Viera, pursuant to section 57.105 of the Florida Statutes. Lansom v. Reid, 314 So. 3d 385, 386 (Fla. 3d DCA 2020) (holding that the award of section 57.105 attorney's fees "is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion.") (quoting DiStefano Constr., Inc. v. Fid. & Deposit Co., 597 So. 2d 248, 250 (Fla. 1992)). When a claim or defense that is not supported by existing law is presented to the court, section 57.105 monetary damages may be awarded against a party's counsel only. Davis v. Bailynson, 268 So. 3d 762, 766 (Fla. 4th DCA 2019). Further, the record provides substantial competent evidence to support the amount of the award. See Yakavonis v. Dolphin Petroleum, Inc., 934 So. 2d 615, 618 (Fla. 4th DCA 2006) ("The trial court's finding must be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial court record.") (quoting Weatherby Assocs., Inc. v. Ballack, 783 So. 2d 1138, 1141 (Fla. 4th DCA 2001)); see also 22nd Century Props., LLC v. FPH Props., LLC, 160 So. 3d 135, 144 (Fla. 4th DCA 2015) ("Issues are 'inextricably intertwined' or involve a 'common core of facts'

when "work for one claim cannot be distinguished from work on other claims.'") (quoting <u>Miller v. Miller</u>, 107 So. 3d 430, 433 (Fla. 4th DCA 2012)).

Affirmed.